MATILDE RÍOS OVALLE, demandante y apelante, *v.* MANUEL, MARÍA, EULALIO, EDUARDO y JORGE ROSALY Y HOSTA y MARÍA HOSTA VDA. DE ROSALY por su propio derecho y como madre investida de patria potestad sobre los menores MIGUEL ANGEL y ANGELES ROSALY Y HOSTA; VALOIS PAGÁN y EL CRÉDITO Y AHORRO PONCEÑO, demandados y apelados los primeros.

Núm. 7059.—*Sometido:* Mayo 19, 1936. *Resuelto:* Noviembre 30, 1936.

*Fernando Zapater* y *Raúl Matos,* abogados de la apelante; *Cipriano Olivieri,* abogado de los apelados Sres. Rosaly y Hosta y Sra. Hosta Vda. de Rosaly.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del tribunal.

La demandante, doña Matilde Ríos Ovalle, y doña Claudia y don Eulalio Rosaly y Vázquez, constituían la Sucesión legítima del finado don Manuel Rosaly y Castillo, la primera como viuda superviviente del causante, y los otros dos por legitimación testamentaria hecha por el finado en su testamento ológrafo, el que fué debidamente protocolizado.

Habiendo surgido desavenencias entre los componentes de la dicha Sucesión, éstos, en 15 de noviembre de 1920 otorgaron escritura de transacción, cesión de derechos y acciones e hipoteca voluntaria, por los términos de la cual don Eulalio Rosaly y Vázquez se comprometió a satisfacer a la demandante, durante el resto de la vida de ésta, una renta o pensión mensual de $65, pagadera por mensualidades anticipadas, garantizando el pago de dicha pensión con hipoteca constituída por doña María Hosta y Pasarell, su esposa, sobre una finca urbana ubicada en la calle de la Reina, en la ciudad de Ponce, por la suma de $6,500.

Al fallecimiento de don Eulalio Rosaly y Vázquez, ocurrido el 12 de noviembre de 1925, su viuda doña María Hosta Pasarell y sus ocho hijos le sucedieron como sus únicos y universales herederos.

Al practicarse las operaciones particionales del caudal hereditario del difunto señor Rosaly, la pensión vitalicia a favor de la señora demandante fué reconocida entre las bajas a deducir; y a la señora Hosta, viuda del causante, le

fueron adjudicadas varias fincas para el pago de las bajas del caudal. En la inscripción de esas fincas se hizo una mención de la carga impuesta sobre ellas para el pago de las mencionadas deudas.

Para facilitarle a la señora Hosta, viuda de Rosaly, la ampliación de un crédito hipotecario con el Federal Land Bank, la demandante doña Matilde Ríos Ovalle otorgó, por escritura pública de 19 de julio de 1929, su consentimiento para la cancelación de la referida mención en cuanto a una de la fincas que habían sido afectadas para el pago de las deudas del caudal hereditario, expresando que daba su consentimiento *"por entender la compareciente que son suficientes garantías para el pago de dicho crédito* (la pensión vitalicia) *no sólo la propiedad específicamente hipotecada . . . sino al mismo tiempo las demás propiedades de la señora Hosta, Viuda de Rosaly."*

Alegó la demandante que los herederos de don Eulalio Rosaly Vázquez han dejado de pagarle las pensiones de $65 mensuales correspondientes a los meses de junio de 1932 a septiembre de 1933, o sea 16 meses, montantes a $1,040, por cuya suma pidió sentencia contra los herederos demandados. Y solicitó que una vez firme la sentencia se ordenase la venta en pública subasta de las propiedades que habían sido adjudicadas a la demandada, doña María Hosta, Vda. de Rosaly, para el pago de las deudas.

Como defensas alegaron los demandados Rosaly y Hosta:

1ª. Que por la escritura de partición se le adjudicaron a doña María Hosta Viuda de Rosaly $43,131.90 en bienes, para satisfacer todas las deudas del causante, incluyendo la pensión de la demandante; que por escritura de 19 de julio de 1929 la demandante tomó conocimiento de y aceptó la adjudicación de bienes hecha a la Viuda Rosaly para pago de su deuda, y manifestó y aceptó que eran suficientes garantías para su crédito no sólo la propiedad del haber privativo de doña María Hosta Vda. de Rosaly, gravada con hipoteca, sino al mismo tiempo las otras propiedades de dicha señora; y que por virtud de dicha escritura, los demandados ·Rosaly y Hosta quedaron liberados

del crédito hipotecario, quedando como única deudora la señora Vda. de Rosaly, a quien desde esa fecha ha cobrado sus pensiones la demandante y de quien ha recibido los pagos.

2ª. Que la demanda no aduce causa de acción.

3ª. Que la Corte carece de jurisdicción sobre los demandados.

La corte inferior desestimó las excepciones previas y dictó sentencia condenando únicamente a la demandada María Hosta Vda. de Rosaly a pagar la suma reclamada, más intereses legales desde la interposición de la demanda hasta su pago, y absolviendo de la demanda a los demás demandados, todo sin especial condenación de costas. La demandante interpuso el presente recurso y alega como base del mismo que la corte inferior erró:

1ro. Al resolver que hubo novación en el contrato sobre reconocimiento y garantía de la pensión vitalicia, y que la Viuda de Rosaly era la única obligada a pagarla a la demandante.

2do. Al resolver el conflicto de la evidencia a favor de los demandados.

3ro. Al no condenar en costas a los demandados.

La cuestión que nos presenta el primer error es si la obligación de pagar a la demandante una pensión vitalicia, contraída por don Eulalio Rosaly y Vázquez por la escritura de noviembre 15, 1920, y que a su muerte se convirtió en una deuda de su sucesión, ha sido novada por los términos de la escritura de partición otorgada por los herederos de Rosaly en 13 de mayo de 1927, y en la cual no tuvo parte ni intervención la demandante, o por cualquier otro acto de la demandante.

La corte inferior opinó que había habido novación de la obligación, por los siguientes motivos:

(a) Porque en la escritura de partición se adjudicaron bienes a la demandada Viuda de Rosaly para el pago de deudas del caudal hereditario, comprometiéndose dicha demandada a pagarlas íntegramente, de manera que los bienes que se adjudiquen a los demás herederos resulten libres de responsabilidad en cuanto al pago de deudas del causante.

(*b*) Porque aun cuando la demandante no fué parte en dicha escritura de partición, aparece probado que ella fué consultada previamente sobre la forma en que iba a hacerse la adjudicación a María Hosta Vda. de Rosaly, para pago de deudas; y que la demandante no se opuso al convenio celebrado entre los herederos, y lo aceptó tácitamente, pues a partir de la fecha de su celebración, todos los pagos a la demandante fueron hechos por la demandada Viuda de Rosaly, a favor de la cual la demandante otorgó los recibos.

(*c*) Porque de acuerdo con los términos de la escritura de 19 de julio de 1929, la demandante consintió la cancelación de la mención en cuanto a una de las fincas adjudicadas a la Viuda de Rosaly para pago de deudas, porque entendió que su crédito estaba suficientemente garantizado por la hipoteca sobre la casa en Ponce y por las demás propiedades de la referida señora.

(*d*) Porque de acuerdo con el Artículo 1037 del Código Civil (ed. 1930), cuando se adjudican bienes a un heredero para el pago de deudas, dicho heredero es el único obligado a pagarlas.

La novación de una obligación consiste en sustituirla o cambiarla por otra posterior, que extingue o modifica la primera, ya sea variando su objeto o condiciones principales, o sustituyendo la persona del deudor, o subrogando a un tercero en los derechos del acreedor. Y para que una obligación quede extinguida por otra posterior es preciso que así se declare terminantemente, o que la antigua y la nueva sean de todo punto incompatibles. Véanse: Artículos 1157 y 1158 del Código Civil (ed. 1930), equivalentes a los 1203 y 1204 del Código Español.

La novación que invocan en su defensa los demandados es de carácter personal, pues se trata de la sustitución de la Sucesión de don Eulalio Rosaly Vázquez, deudora de la pensión vitalicia a que tiene derecho la demandante, por la heredera Viuda de Rosaly, quien por virtud de la escritura de partición otorgada por los componentes de dicha sucesión recibió bienes dedicados por los herederos a pagar las deudas del caudal hereditario.

¿Puede tener efecto legal una novación como la que se invoca en el presente caso, sin el consentimiento del acreedor? El Código Civil (ed. 1930) contesta esa pregunta así:

"Artículo 1159.—La novación, que consiste en sustituirse un nuevo deudor en lugar del primitivo, puede hacerse sin el conocimiento de éste, pero no sin el consentimiento del acreedor."

Comentando el artículo 1205 del Código Civil Español, equivalente al 1159 del nuestro, supra, dice Manresa:

"El precepto del art. 1205, que exige como requisito indispensable de esta especie de novación el consentimiento del acreedor, y no el del deudor en todo caso, si bien no hace imposible que se exprese, implica la distinción de las dos formas que esta novación puede tener; y se basa en la sencilla consideración de justicia, de que pudiendo ser perjudiciales las consecuencias de la sustitución para el acreedor, mas no para el deudor, se necesita sólo el consentimiento de aquél." Tomo 8, 2da. ed., págs. 424-425.

 Veamos si de la prueba practicada resulta establecido el hecho de que la demandante aceptó o dió su consentimiento, expresa o tácitamente, para la sustitución de la Viuda de Rosaly como única deudora de la pensión vitalicia que le adeudaba la Sucesión Rosaly.

La demandante no figuró como parte en la escritura de partición otorgada por los herederos de Rosaly, y por tanto no está obligada por ninguno de los convenios o estipulaciones contenidos en aquel instrumento. Al fallecer Rosaly, la obligación contraída por el finado a favor de la demandante y garantizada con hipoteca sobre una casa de la esposa del finado, pasó a ser una carga o deuda del caudal hereditario, siendo responsable de su pago todos y cada uno de los herederos que aceptaron la herencia pura y simplemente, como la aceptaron los demandados. Véase: Artículo 957 del Código Civil (ed. 1930).

Hemos examinado cuidadosamente la exposición del caso, en la que aparece una relación concisa de lo declarado en el acto del juicio por la demandante y por los demandados Concepción Rosaly, Eulalio Rosaly y María Hosta, Viuda

de Rosaly, y no encontramos hecho alguno que pueda ser interpretado como un consentimiento expreso o tácito por parte de la acreedora para la alegada sustitución de deudores.

Es cierto que de la propia declaración de la demandante aparece que ésta se enteró, por informes que le diera el abogado de la Sucesión Rosaly, de los términos y condiciones en que los herederos proyectaban hacer la partición de la herencia, y de que se adjudicarían bienes a la heredera María Hosta Viuda de Rosaly para que ésta se encargara de hacer los pagos. Es cierto también que la demandante no se opuso al proyecto de partición, ni al convenio celebrado entre los herederos para el pago de las deudas. Pero, preguntamos: ¿Por qué había de oponerse? ¿En qué le perjudicaba a ella el que los herederos, quienes por haber aceptado la herencia pura y simplemente estaban obligados al pago de su pensión, no solamente con los bienes de la herencia sino con los propios, conviniesen entre sí dedicar una parte de los bienes al pago de las deudas de todos y adjudicar esos bienes a un solo heredero para que éste se hiciera cargo de satisfacerlas?

Opinamos que ni el conocimiento que tuviera la demandante de los términos de la partición, ni su falta de oposición pueden ser interpretados como un consentimiento tácito de la demandante para la novación de la obligación, convirtiendo a María Hosta Viuda de Rosaly en su única deudora y exonerando a los demás herederos de la obligación de pagar la pensión que se reclama.

■■ No podemos aceptar la interpretación que da la corte inferior al artículo 1037 del Código Civil, al efecto de que cuando se adjudican bienes a un heredero para el pago de deudas, ese heredero es el único obligado a pagarlas. Veamos lo que provee dicho artículo:

"Artículo 1037.—Hecha la partición, los acreedores podrán exigir el pago de sus deudas por entero de cualquiera de los herederos que no hubiere aceptado la herencia a beneficio de inventario, o hasta

donde alcance su porción hereditaria, en el caso de haberla admitido con dicho beneficio.

"En uno y. otro caso, el demandado tendrá derecho a hacer citar y emplazar a sus coherederos, a menos que por disposición del testador, o a consecuencia de la partición, hubiere quedado él solo obligado al pago de la deuda."

Comentando el artículo 1084 del Código Civil Español, que es el equivalente al 1037, supra, dice Manresa:

"La declaración del Artículo 1084 es de excesiva importancia. Su primer párrafo establece claramente las relaciones entre los acreedores y los herederos. El párrafo segundo y los demás artículos tratan de las relaciones de los herederos entre sí, todo en lo que respecta al pago de las deudas hereditarias.

". . . . . . .

"El derecho de los acreedores al pago de las deudas hereditarias existe con anterioridad a la muerte del causante, y es independiente del número de sus herederos. Uno o muchos, su derecho sólo ha de recaer sobre el resto del caudal después de deducidas las deudas; siendo anómalo, por otra parte, que por el hecho del fallecimiento del testador, los acreedores hayan de dividir su acción en tantas partes como herederos, con los riesgos y gastos naturales a tal división.

". . . . . . .

"Nuestro Código . . . ha optado por la solución que menos violenta el rigor de los principios jurídicos, no alterando el derecho de los acreedores, y permitiéndoles dirigirse contra aquél de los herederos que le ofrezca más garantías o facilidades para el cobro de su crédito.

". . . . . . .

"Concretándonos ahora a lo relativo al pago de las deudas hereditarias, tenemos, pues, que a los acreedores del causante les es indiferente el número de herederos, y, por otra parte,. no les afectan los pactos o convenios que éstos celebren entre sí, ni las disposiciones testamentarias del testador, cuando no han dado su consentimiento. Uno o muchos los herederos, el acreedor escoge, digámoslo así, entre ellos, reclama contra cualquiera de los mismos, contra aquél o aquéllos que le inspiren más confianza o más seguridad para el cobro. Las sentencias del Tribunal Supremo de 9 de enero de 1901 y 3 de abril de 1903, conformes desde luego con esta doctrina, declaran que cada heredero es responsable solidariamente de las deudas hereditarias, por lo que, esté o no practicada la partición, los acreedores del causante

pueden dirigir su acción contra cualquiera de los herederos por el total de sus créditos.'' Manresa, 3a. ed., Vol. 7, págs. 767 a 771.

En el caso de autos la demandante optó por dirigir su acción contra todos los herederos, sin tener en cuenta la adjudicación de bienes hecha a la Viuda del causante para pago de deudas. Y es indudable que la demandante tenía derecho a proceder en esa forma, pues ella no aceptó ni consintió en forma alguna el considerar a la adjudicataria de dichos bienes como su única deudora.

■ El efecto legal de la adjudicación de bienes hecha a la señora Viuda de Rosaly fué el de constituir a ésta en mandataria o comisionada de los demás herederos para el pago de las deudas hereditarias. Y es por esa circunstancia, y en ausencia de otra evidencia de consentimiento, que los cheques dados a la demandante en pago de la pension mensual, firmados por la mandataria de los demás herederos, y los recibos otorgados por la demandante en favor de dicha mandataria, no pueden ser considerados como pruebas de consentimiento para la sustitución de la señora Viuda de Rosaly, la mandataria de los demás herederos, como única deudora de la demandante. Véase: Manresa, (3ª ed.,) Vol. 7, pág. 777.

■ Las manifestaciones hechas por la demandante en la escritura de julio 19 de 1929, al efecto de que ella consideraba como suficiente garantía de su crédito no solamente la hipoteca constituída a su favor, sino también las demás propiedades de la señora Viuda de Rosaly, no pueden ser interpretadas como una aceptación de los términos de la partición practicada dos años antes y de la alegada sustitución de deudores. En primer lugar, la escritura de partición fué otorgada el día 13 de mayo de 1927, o sea más de dos años antes de que se otorgara la escritura por la cual la demandante dió su consentimiento para que se cancelase la mención que aparecía en el Registro sobre una de las fincas adjudicadas por los herederos a su mandataria para el pago de deudas. En segundo lugar, en toda la es-

critura de 19 de julio de 1929 no .hay una sola frase que pueda interpretarse como una exoneración de los demás deudores. Lo único que hace la acreedora, al consentir la cancelación de la mención, es expresar su parecer en cuanto a la suficiencia del resto de la garantía. Y no podemos aceptar que una expresión de esa naturaleza sea interpretada como una liberación o descargo de los demás deudores de la obligación de satisfacer el crédito de la demandante.

El hecho de que la pensión de la demandante estuviera garantizada con hipoteca sobre una finca urbana no exime a los herederos demandados de la obligación de pagar esa deuda del caudal hereditario. El crédito de la demandante es un crédito personal; la hipoteca que lo afianza es un contrato accesorio y real por su naturaleza, pero no convierte en real el crédito que garantiza.

Los casos de *Fernández* v. *Hernández*, 16 D.P.R. 75, y *Trautman* v. *P. R. Ore Co.*, 46 D.P.R. 775, citados por los demandados apelados, no tienen aplicación al caso de autos. Ambos casos sostienen la doctrina de que el comprador (tercero) de una finca sujeta al gravamen de una hipoteca, que no ha asumido el pago del crédito que dicha hipoteca garantiza, puede optar entre satisfacer el gravamen y liberar la finca o dejar que la misma responda, pero no está obligado a satisfacer con sus otros bienes el gravamen en el caso de que el producto de la venta de la finca hipotecada no fuere suficiente. Esa obligación corresponde al deudor original o sea al que contrajo la deuda.

El deudor original de la pensión de la demandante era don Eulalio Rosaly y Vázquez. Los demandados, que son sus herederos y causahabientes, no pueden invocar la protección de la doctrina establecida por los dos casos, supra, pues ellos no son ni pueden ser considerados como terceros con respecto a las obligaciones contraídas por el causante de la herencia. Y al aceptar ésta pura y simplemente, asumieron la obligación de pagar sus cargas sin beneficio de inventario.

La acción ejercitada por la demandante es una acción personal en cobro de pensión alimenticia, y va dirigida contra todos aquéllos a quienes la ley hace responsables de su pago. La demanda interpuesta y la prueba presentada justifican una sentencia en contra de todos los demandados herederos del deudor original.

*Por las razones expuestas se revoca la sentencia apelada y en su lugar se dicta otra condenando a todos y a cada uno de los herederos demandados al pago de la cantidad reclamada, con intereses legales desde la fecha de la interposición de la demanda y sin especial condenación de costas.*

El Juez Presidente Señor del Toro no intervino.