Eulalio Rosaly Hosta y su esposa María Méndez, demandantes y apelados, *v.* Matilde Ríos Ovalle, demandada y apelante.

Núm. 8888.—*Sometido:* Mayo 5, 1944. *Resuelto:* Julio 3, 1944.

*Fernando Zapater Martínez,* abogado de la apelante; *E. Huertas Zayas y M. Bahamonde Ricomar,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Eulalio Rosaly y Hosta y su esposa María Méndez instaron acción de retracto legal de comuneros contra Matilde Ríos Ovalle. Los demandantes son dueños de un condominio de una quinta parte de una finca de 378 cuerdas, situada en el · barrio Anón, de Ponce, la cual adquirieron conjuntamente con Manuel Rosaly Hosta y su esposa Agnes Tessonniere, Jorge

Rosaly Hosta y su esposa Emilia Méndez, María Rosaly Hosta y su esposo Francisco Mattei Jr., y Eduardo Rosaly Hosta. Por escritura pública otorgada en Ponce, en 28 de octubre de 1941, ante el notario Lic. Fernando Zapater Martínez, el Márshal de la Corte de Distrito de Ponce, representando al condueño Eduardo Rosaly y Hosta, vendió a la demandada Matilde Ríos Ovalle la participación de una quinta parte que dicho comunero tenía en la finca, a que ya hemos hecho referencia, por el precio de $500.

Los demandantes son también condueños de una finca de 72 cuerdas, radicada en el barrio Collores, de Juana Díaz, siendo los demás condueños Angeles, Eduardo y Manuel, de apellidos Rosaly y Hosta. Además, en esta finca el co-demandante Eulalio Rosaly Hosta tiene una participación de carácter privativo.

Por la misma escritura de 28 de octubre de 1941, el Márshal de la Corte de Distrito de Ponce, representando a la condueña de dicha finca Angeles Rosaly y Hosta, también vendió a la demandada Matilde Ríos Ovalle el condominio de $1,374.23, 3/9 en el valor de $3,000 que dicha condueña tenía en la finca de 72 cuerdas antes mencionada, verificándose la venta por la suma de $500. Alegaron los demandantes que como condómines de las descritas fincas ejercitaban su derecho de retracto legal y que consignaban en corte la cantidad de $1,000, moneda corriente de Estados Unidos, a la disposición de la demandada, comprometiéndose a satisfacer los gastos que irrogase el otorgamiento de la escritura de retracto a favor de dichos demandantes, así como cualquier otro gasto legítimo que proceda, subrogándose en lugar de la compradora con las mismas condiciones estipuladas en el contrato de venta.

Declarada sin lugar la excepción previa, contestó entonces la demandada aceptando todos y cada uno de los hechos alegados en la misma, pero añadiendo que al precio de $500 por el cual se le adjudicaron cada uno de los condominios por el márshal, había que agregar la parte proporcional de cualquier

hipoteca, censo o gravamen que afectare las referidas fincas y negó que la cantidad de $1,000 consignada por los demandantes en corte fuese el justo, razonable y verdadero valor de los condominios de cuyo retracto se trata.

Además, como defensas especiales, alegó:

(*a*) Que la demanda no aduce hechos constitutivos de causa de acción:

(*b*) Que el derecho de retracto de los demandantes está prescrito toda vez que los condominios que se trata de retraer fueron vendidos a la demandada por el márshal de la Corte de Distrito de Ponce en 30 de septiembre de 1941, de cuya fecha y venta tenían conocimiento los demandantes, habiendo ejercitado la acción de retracto el 6 de noviembre de 1941;

(*c*) Que en las adjudicaciones a que se refieren los hechos 3 y 5 de la demanda, por $500 cada una, no hubo transferencia alguna de dinero ya que fueron hechas a Matilde Ríos Ovalle en abono de sentencia por $2,600 dictada por la Corte de Distrito de Ponce en el caso civil número 11,471 en cobro de pensión alimenticia seguido por Matilde Ríos Ovalle contra Manuel, María, Eulalio, Eduardo y Jorge Rosaly y Hosta; María Hosta vda. de Rosaly, por su propio derecho y como madre con la patria potestad sobre los menores Miguel Ángel y Angeles Rosaly y Hosta; Valois Pagán y Crédito y Ahorro Ponceño;

(*d*) Que Matilde Ríos Ovalle no es un tercero o un extraño en la comunidad, ya que su pensión alimenticia fué expresamente reconocida como una de las bajas de la herencia de los demandados (en el pleito civil número 11,471 a que hemos hecho referencia) y de los cuales formaban parte los retrayentes.

Celebrada la vista, la corte inferior dictó sentencia con fecha 17 de agosto de 1943, declarando con lugar la demanda y ordenando a la demandada a otorgar escritura de venta a favor de los demandantes, de los condominios mencionados en la demanda y condenándola al pago de costas y honorarios de abogado.

Contra dicha sentencia ha interpuesto la demandada el presente recurso basado en que la corte inferior erró:

1-4. Al no permitir que el márshal declarase si había visto al retrayente Eulalio Rosaly el día de la subasta; y sobre el conocimiento que tuvo Rosaly de que se había celebrado una subasta, cuando la misma corte resuelve que la demandada no presentó prueba alguna para demostrar que el demandante tuvo conocimiento de la venta, anteriormente a la fecha alegada en la demanda.

5. Al no declarar prescrita là acción de retracto legal por haber sido ejercitada después de los nueve días de celebrada la subasta y de tener el retrayente conocimiento de ella.

6. Al declarar sin lugar la excepción previa de la demandada.

7. Al resolver, que la demandada no presentó prueba alguna para demostrar que el demandante tuvo conocimiento de la venta, anteriormente a la fecha alegada en la demanda.

8. Gravísimo error en la apreciación de la prueba.

Creemos conveniente comenzar con el quinto señalamiento de error que es en el que se alega la prescripción de la acción por no haber sido ejercitada sino después de transcurridos más de treinta días desde la venta en pública subasta de los condominios objeto de la presente acción.

Establece el Código Civil en su artículo 1414 (Ed. 1930) que "no podrá ejercitarse el derecho de retracto legal sino dentro de nueve días contados desde la inscripción en el registro, y en su defecto desde que el retrayente hubiera tenido conocimiento de la venta". La acción de retracto ha de ejercitarse, pues, dentro de un plazo de nueve días tomando como punto de partida uno de dos momentos. El primero constituye la regla general; el segundo tiene el carácter de subsidiario y sólo procede en defecto del primero, esto es, cuando no hay inscripción.

El primer punto de partida es la fecha de la inscripción en el registro, pero como la inscripción no siempre existe, ya que, según la Ley Hipotecaria, es voluntaria, se hace nece-

sario fijar otro momento como punto de partida para evitar que el comprador pueda burlar la acción de retracto dejando de inscribir su título en el registro.

En el caso de autos, aunque los condominios objeto de la acción estaban inscritos a nombre de los vendedores a quienes el márshal representó en la subasta, sin embargo, al tiempo de ejercitar su acción los retrayentes, la compradora no había aún inscrito su título sobre los mismos en el registro. Fácil es comprender que el caso cae, pues, dentro del segundo inciso del citado artículo del Código. Establecido como punto de partida por los demandantes la fecha del otorgamiento de la escritura de venta a favor de la demandada, y controvertido este hecho en la contestación, alegando en contrario la compradora que la fecha en que tuvieron los retrayentes conocimiento de la venta fué la de la subasta de dichos condominios, procede decidir cuál de estas dos fechas es la que debe tomarse como punto de partida para determinar si estaba o no prescrita la acción.

Si tomamos como punto de partida la fecha de la subasta nos encontramos, en primer lugar, que la adjudicación en subasta pública no es la consumación del contrato de compraventa, sino solamente el perfeccionamiento del contrato. Se ha hecho una oferta y se ha aceptado, pero la venta no se consuma hasta tanto no se ha hecho entrega de la cosa, y en el caso de los inmuebles el otorgamiento de la escritura de traspaso es lo que constituye la entrega. Artículo 1351 del Código Civil, (Ed. 1930). Sobre esta misma cuestión se manifiesta Scaevola en la forma siguiente: (Comentarios al Código Civil, Tomo XXIII, Ed. 1906, pág. 910)

"No mediando inscripción en el Registro, el término para el retracto se ha de contar desde que el retrayente tuviera noticia de la *consumación* de la venta, porque el mero perfeccionamiento sólo da acción a los contrayentes para exigir el cumplimiento del contrato. Así lo aclara la *Sentencia de 10 de octubre de 1901,* añadiendo que la confesión en juicio por el retrayente de haber tenido

noticia de que cierta finca se vendía y no haberla comprado por parecerle cara o por falta de dinero, no implica el conocimiento de la perfección de la venta, ni el hecho de haberle enseñado el retra-yente al comprador algunos mojones de la finca arguye el conoci-miento por el primero de la consumación, la cual hay que inducirla del otorgamiento de la escritura de venta, contándose desde su fecha el término del retracto.''

Constituyendo el otorgamiento de la escritura la consu-mación del contrato de compraventa, la demandada, antes de esa fecha no podía inscribir título alguno a su favor en el registro y por consiguiente, aunque los retrayentes tuvieran conocimiento de la subasta no podían demandar de la com-pradora el traspaso de una cosa que aun no le había sido entregada. Hay más, ya hemos dicho que se trata en este caso de inmuebles que constaban inscritos en el Registro y lógico es suponer que los demandantes esperasen que la de-mandada inscribiera su título, ¿pero qué título iba ésta a inscribir antes de otorgarse la escritura de compraventa? ¿El acta de subasta? Ése no es un documento inscribible de acuerdo con las disposiciones del artículo 3 de la Ley Hipo-tecaria. La demandada no podía, pues, inscribir título alguno antes del otorgamiento y los demandantes no podían ejercer acción alguna de retracto antes de esa fecha. Es a partir de la fecha del otorgamiento que comienza a correr el plazo para el ejercicio de la acción, toda vez que si dentro de nueve días de esta fecha el comprador no ha inscrito su título cabe suponer que no lo hará y puede, entonces ejercerse la acción, dentro del término estatutario para evitar que sea burlada la acción del retrayente. Sin embargo, como el conocimiento de la fecha del otorgamiento de la escritura de compraventa sería una cuestión subjetiva, el retrayente puede alegar no haber tenido conocimiento de dicho otorgamiento hasta una fecha posterior, aseveración que está sujeta a ataque por el comprador.

Al tratar sobre esta misma cuestión, nos dice Manresa al comentar el segundo inciso del artículo 1524 del Código Civil

Español, del cual es equivalente el artículo 1414 del nuestro (Ed. 1930):

"Ahora bien: ¿estará obligado el demandante a probar la verdad de su aserto cuando afirme en la demanda que hasta tal o cual día no ha llegado a su noticia el hecho de la venta? La sentencia de 21 de mayo de 1902, va a contestar luminosamente a esta pregunta. Dados los términos, dice, del art. 1542 del Código, es manifiesto que cuando el plazo para el ejercicio del derecho de retracto hay que contarlo desde que el retrayente hubiese tenido conocimiento de la venta, por no haberse llegado a inscribir ésta en el Registro, pueden los Tribunales estimar al efecto, como manifestaciones de este conocimiento, cualquier acto público del retrayente que lo revele, mientras no existan elementos de prueba que contradigan la eficacia y significación de dicho acto, sin necesidad de exigir la justificación especial de la verdad de tal conocimiento; pues ni esto sería posible tratándose de una mera situación subjetiva, que permanece desconocida mientras que actos positivos no la exterioricen, ni existe presunción alguna *juris tantum,* de la que sea forzoso partir para suponer semejante conocimiento, por lo que corresponde al demandado y no al actor probar que la fecha del conocimiento es distinta y anterior de la alegada como fundamento de la demanda." (Manresa, Comentarios al Código Civil, Tomo X (Ed. 1931), pág. 339.) Sobre la misma cuestión, véase Scaevola "Comentarios al Código Civil, Tomo XXIII, (Ed. 1906), págs. 908 *in fine* y 909.)

Es, pues, obvio que los demandantes, en el caso de autos, ejercitaron su acción dentro del término fijado por el Código. Antes del otorgamiento no tenían base para ejercitarla, y radicaron su demanda dentro de los nueve días fijados por la ley. Una simple operación aritmética así nos lo demuestra: la escritura de compraventa se otorgó el 28 de octubre de 1941 y el 6 de noviembre de ese mismo año los retrayentes radicaron su demanda, esto es, el mismo día en que se vencía el plazo.

Por las razones antes expuestas sostenemos que la acción de los retrayentes no estaba prescrita y por consiguiente no se cometió el quinto error señalado.

En cuanto a los cuatro primeros señalamientos de error, así como también el séptimo, creemos innecesario entrar

a considerar los mismos. Las cuestiones allí planteadas pueden reducirse a que la corte erró al no permitir a la demandada presentar prueba de que los demandantes tuvieron conocimiento de la venta con anterioridad a la fecha alegada en la demanda y luego al resolver que la demandada no había presentado prueba alguna para demostrar este extremo. La cuestión resulta académica ya que de haberse cometido tales errores, los mismos no serían suficientes para revocar la sentencia apelada, toda vez que, al considerar el quinto error hemos llegado a la conclusión que es la fecha del otorgamiento de la escritura y no la de la subasta la que debe tomarse como punto de partida para el ejercicio del retracto en este caso.

■■ El sexto señalamiento es en el sentido de que la corte inferior erró al declarar sin lugar la excepción previa de los demandantes de falta de hechos constitutivos de causa de acción.

Alega la apelante para sostener este señalamiento que los demandantes no alegaron en la demanda que Matilde Ríos Ovalle, la demandada apelante, fuese una extraña en la comunidad.

Admiten los apelados no haber alegado en su demanda que la demandada sea una *extraña* en la comunidad, pero sostienen que esta omisión quedó subsanada al relacionarse en los hechos segundo y cuarto de la demanda quiénes eran los otros condómines a quienes pertenecían cada una de las fincas objeto del retracto.

Efectivamente, de la faz de la demanda surgen los nombres de los condómines a quienes pertenecían las fincas objeto de la presente acción, antes de adquirirlas la demandada. De dicha relación no aperece que la demandada apelante fuese condueña de ninguna de dichas fincas. Surge, pues, de la propia faz de la demanda la presunción controvertible de que la demandada no era condueña de las fincas siendo, por tanto, una extraña a la comunidad.

No se ha cometido el error señalado. La propia demandada aceptó la relación de condómines hecha en la demanda al formular su excepción previa contra la misma, toda vez que una excepción previa formulada a una demanda admite los hechos en ella alegados. (*Droz* v. *Caballer,* (1941) 58 D.P.R. 228.) Más tarde, en su contestación, la demandada admite la verdad de los hechos alegados en la demanda. La corte, pues, no cometió error al no desestimar la demanda por insuficiencia. La demanda establecía la presunción de que la demandada era extraña a la comunidad; a ella, pues, correspondía destruir esta presunción.

En su octavo señalamiento la apelante alega que la corte inferior cometió gravísimo error en la apreciación de la prueba.

Varias son las cuestiones planteadas, de manera desordenada, bajo este señalamiento de error.

(*a*) En el primer lugar sostiene la apelante que ella no es una extraña para los efectos del retracto. Se basa en que habiendo obtenido sentencia a su favor en pleito seguido contra los herederos de Eulalio Rosaly Vázquez, entre los cuales se encuentra Eulalio Rosaly Hosta, en cobro de pensión alimenticia, no se la puede considerar tercera, toda vez que este tribunal, en el caso de *Ríos Ovalle* v. *Rosaly,* 50 D.P.R. 682, dijo que todos los herederos vienen obligados al pago de las bajas aunque se grave determinada finca para tales fines y, además, que los herederos y causahabientes de una persona no pueden ser considerados como terceros con respecto a las obligaciones contraídas por el causante de la herencia.

¿Es la demandada una extraña para los efectos del retracto? Creemos que sí. El concepto de extraño usado en el Código Civil se refiere a toda persona que no sea comunero o copropietario de la cosa común. La Enciclopedia Jurídica Española (tomo 27, págs. 523 y 524) en el artículo sobre

"Retracto de Comuneros", al enumerar los requisitos para ejercitar el retracto legal dice:

"(c) Que la enajenación sea a favor de un extraño, de un no comunero o copropietario, pues si esta es a favor de un comunero, el retracto que con ocasión de la misma se concediera carecería de finalidad."

¿Era la apelante condueña de las fincas objeto de esta acción? No. La apelante era simplemente una acreedora de los herederos de Eulalio Rosaly Vázquez, pero no era condueña de las fincas. Así lo admite la propia apelante al aceptar en su contestación los hechos alegados en los párrafos 2 y 4 de la demanda.

Lo dicho por este tribunal en el sentido de que "los herederos y causahabientes de una persona no pueden considerarse como terceros, con respecto a las obligaciones contraídas por el causante de la herencia" no es de aplicación a los casos de retracto en los que se requiere únicamente que el comprador no sea comunero. Es más, según Manresa:

"El comprador primero y el retrayente no tienen entre sí el carácter de terceros ante la ley Hipotecaria. (citas)." (Obra citada, tomo X, pág. 320).

No encontramos base alguna que sostenga la contención de la apelante de que ella no es extraña a la comunidad. Ella es extraña y contra ella procede el retracto.

(b) En segundo lugar, la apelante sostiene que el retrayente Eulalio Rosaly Hosta está impedido de ejercitar la acción de retracto contra ella toda vez que como heredero de Eulalio Rosaly Vázquez está obligado solidariamente a pagar la sentencia recaída a favor de la apelante en el caso a que antes hemos hecho referencia. Que además un condominio de dicho retrayente fué vendido en la subasta y adjudicado a la apelante, por lo cual el retrayente Eulalio Rosaly Hosta está en la situación de vendedor y retrayente a la vez, lo cual no es posible en derecho.

La corte inferior encontró probado que: las dos fincas de las que forman parte los condominios que tratan de retraer los demandantes pertenecieron a Eulalio Rosaly Vázquez, a cuyo fallecimiento se debió el derecho a pensión alimenticia que la demandada, como demandante en el caso 11,471 antes citado, reclamó y en el cual, en abono a la deuda le fueron adjudicados los condominios que en dichas fincas tenían los condómines Eduardo y Angeles de apellido Rosaly y Hosta.

"Los demandantes en este caso Eulalio Rosaly Hosta y María Méndez, casados entre sí, adquirieron sus condominios en las fincas de referencia por compra para su sociedad de gananciales, como así mismo los codemandados en aquel caso Manuel Rosaly Hosta y su esposa Agnes Tessoniere, Jorge. Rosaly Hosta y su esposa Emilia Méndez y María Rosaly Hosta y su esposo Francisco Mattei, Jr." Dijo la corte inferior, más adelante:

"La demandada parece que confunde la capacidad de Eulalio Rosaly Hosta como demandante en esta acción con la capacidad de Eulalio Rosaly Hosta como demandado en el caso 11,471; en el caso 11,471 respondía a una acción en su carácter de heredero de Eulalio Rosaly Vázquez y en el presente caso ejercita una acción como miembro de su sociedad de gananciales."

Así es en efecto. En el caso de autos el retracto se ejercita por la sociedad legal de gananciales compuesta por los esposos Eulalio Rosaly Hosta y María Méndez. Dicha sociedad era condueña de las fincas objeto del retracto; sus condominios no fueron objeto de la venta en ejecución de sentencia contra los herederos de Eulalio Rosaly Vázquez y no siendo parte demandada en aquel pleito puede ejercitar, dicha sociedad, el retracto de comuneros.

Ahora bien, ¿puede el retrayente Eulalio Rosaly Hosta en su carácter de miembro de la sociedad legal de gananciales compuesta por él y su esposa ejercitar el retracto de aquellos condominios que en su carácter particular de heredero permitió fueran ejecutados en cobro de un crédito del cual era él deudor solidario?

Dispone el Código Civil (Ed. 1930) que:

"Art. 1310.—El pago de las deudas contraídas por el marido o la mujer antes del matrimonio no estará a cargo de la sociedad de gananciales."

Y más adelante el mismo artículo dice que:

"Sin embargo, el pago de las deudas contraídas por el marido o la mujer con anterioridad al matrimonio, y el de las multas y condenas que se le impongan, podrá repetirse contra los gananciales después de cubiertas las atenciones que enumera el artículo 1308, si el cónyuge deudor no tuviese capital propio o fuera insuficiente, pero al tiempo de liquidarse la sociedad se le cargará lo satisfecho por los conceptos expresados."

Comentando este artículo, que lleva el número 1410 en el Código Civil Español, dice Manresa refiriéndose a la última parte del mismo: (Obra citada, tomo IX, Ed. 1904, págs. 633)

"Las deudas y obligaciones anteriores al matrimonio, y las multas y condenas pecuniarias impuestas durante el mismo son a cargo del cónyuge deudor o responsable. Debe pagar con sus propios bienes."

Así, no siendo la sociedad de gananciales que ejercita el retracto en este caso, responsable de las deudas privativas del marido, puede la misma retraer los condominios vendidos a un extraño.

No tiene razón la apelante en cuanto a esta cuestión levantada en su alegato.

"Los bienes gananciales no pueden ser embargados por deudas particulares de uno de los cónyuges contraídas con anterioridad al matrimonio." *Hernández* v. *Registrador,* 19 D.P.R. 274.

Este mismo principio se consagra en los casos de *Hernández Mena* v. *Registrador,* 22 D.P.R. 642, y *Flores* v. *Silva,* 60 D.P.R. 372.

La sentencia recaída en contra del marido como heredero de Eulalio Rosaly Vázquez no obligaba a la sociedad de gananciales. Es ésta una entidad completamente distinta de los socios que la componen. *Ex parte García,* 54 D.P.R. 503.

La sociedad conyugal en este caso adquirió condominios pertenecientes a algunos de los herederos de Eulalio Rosaly Vázquez, convirtiéndose así en copropietaria de las fincas objeto de este pleito y al ser algunos de dichos condominios vendidos, para satisfacer la sentencia a una extraña en dicha comunidad estaba dicha sociedad conyugal en su perfecto derecho al ejercitar el retracto.

Tampoco se cometió el error señalado en esta alegación de la apelante.

(c) En tercer lugar sostiene la apelante que no procede el retracto en este caso por cuanto los retrayentes no se han subrogado con las mismas condiciones que la apelante en el contrato de compraventa.

El artículo 1411 del Código Civil (Ed. 1930) define el retracto como ''el derecho de subrogarse, con las mismas condiciones estipuladas en el contrato, en lugar del que adquiere una cosa por compra o dación en pago.''

Alega la apelante que según aparece del acta de subasta, Matilde Ríos Ovalle no pagó dinero alguno y sí simplemente ofreció $1,000 por los condominios en abono de su sentencia la cual está aún insatisfecha en su mayor parte. Sostiene que la subrogación sería una tremenda injusticia para ella, y el retrayente no podría nunca subrogarse en sus derechos, toda vez que ella simplemente abonó $1,000 y bajo esa situación de derecho no cabe la subrogación.

Está en un error la apelante. A ella se le adeudaba una sentencia por más de $1,000 y para hacerla efectiva embargó bienes de los deudores de dicha sentencia y en la subasta de los mismos ofreció $1,000 por ellos. Se le adjudicaron dichos bienes por la cantidad ofrecida y ahora pretende que, en acción de retracto ejercitada por un condómine—la sociedad conyugal compuesta por Eulalio Rosaly Hosta y su esposa María Méndez—que no fué demandado en el pleito anterior, responda del total de la sentencia.

La apelante no puede pretender tal cosa. Ella ofreció $1,000 por los condominios en la subasta y por esa cantidad le fueron adjudicados. Ése es el precio que tiene derecho a recibir de los retrayentes.

*Debe confirmarse la sentencia apelada.*