JOSÉ S. GARCÍA y su esposa ADRIANA FIGUEROA RIVERA, demandantes y recurridos, *v.* AMÉRICO FIGUEROA y OTROS, demandados y recurrentes.

Número: 12553. Resuelto: 25 de abril de 1962.

258

*Francisco M. Susoni,* abogado de los recurrentes; *Rodríguez Ema & Rodríguez Ramón,* abogados de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Rigau.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Los recurridos interpusieron demanda sobre retracto legal de comuneros contra los recurrentes. Alegaron en su demanda que son dueños de un condominio equivalente a un 32.90 por ciento de un solar radicado en la Sección Sur del barrio Santurce de San Juan, cuyo condominio adquirieron mediante escritura pública otorgada en el 1955; que mediante la misma escritura los señores Horacio, Rosa

Camelia y América Figueroa Rivera adquirieron cada uno de ellos un condominio de 1.31 por ciento, 2.94 por ciento y 31.01 por ciento respectivamente de dicha propiedad; que los demandados (aquí recurrentes) embargaron los condominios pertenecientes a dicho Horacio, Rosa Camelia y América Figueroa, y los vendieron en pública subasta celebrada el 1ro. de julio de 1957 en ejecución de la sentencia dictada a favor de dichos demandados en el caso civil número 55–2425, por la Sala de San Juan del Tribunal Superior, habiéndose adjudicado dichos condominios a los demandados como únicos postores por la suma de $500, otorgándose la correspondiente escritura de venta judicial en 16 de agosto de 1957; que como condómines de la referida finca los demandantes ejercitan su derecho de retracto legal por los condominios subastados y objeto de venta judicial a favor de los demandados, y consignan en la Secretaría del Tribunal la suma de $500 a la disposición de los demandados, comprometiéndose a satisfacer los gastos que irrogue la escritura de retracto, así como cualquier otro gasto legítimo que proceda. Finalmente alegaron que se comprometen a no vender los condominios que retracten durante el término de cuatro años.

Contestaron los demandados aceptando algunos hechos y negando otros. En oposición y como defensa alegaron que los adjudicatarios en la subasta a que alude la demanda son hermanos de la codemandante Adriana Figueroa Rivera y que la propiedad objeto de subasta era del causante de dicha codemandante y de los demandados, el finado don José Víctor Figueroa, siendo por tanto estos últimos herederos de dicho causante; que la adjudicación de la propiedad a que se contrae esta acción en favor de los aquí demandados se debió precisamente a un pleito en reclamación de la participación hereditaria que le corresponden en el haber hereditario de su causante, el mencionado José Víctor Figueroa; siendo los

aquí demandados los demandantes en otro pleito sobre nulidad y otros extremos que en relación con su citada participación hereditaria se vieron precisados a incoar y en el cual, entre otros, estaba envuelto el inmueble de la presente acción; que en tales circunstancias los demandados no son personas extrañas en el concepto a que se refiere el Código Civil, por ser comuneros o copropietarios en la aludida propiedad.

Los demandantes radicaron entonces una moción solicitando sentencia sumaria y la acompañaron de una declaración jurada del demandante José S. García. En dicha declaración expresa el señor García que consignó en la Secretaría del Tribunal Superior de San Juan y a favor de los demandados la suma de $500; que dicha consignación la hizo en representación suya y de su esposa y como condómine de la finca que se describe en la demanda y como requisito para el ejercicio del derecho de retracto legal de los condominios propiedad de los demandados; que se comprometía a satisfacer los gastos que irrogue la escritura de retracto a favor suyo y de su esposa, así como cualquier otro gasto legítimo que proceda, a los efectos del retracto de dichos condominios, comprometiéndose además a no vender dichos condominios, una vez retractados, durante el término de cuatro años a partir de la fecha de la demanda.

A dicha moción se opusieron los demandados por los siguientes fundamentos:

"1.—Porque los demandados adquirentes en subasta pública no son extraños al procedimiento por ser herederos directos y en igual condición y naturaleza que la co-demandante Adriana Figueroa Rivera, del causante José Víctor Figueroa.

"2.—Porque los demandados aquí comparecientes adquirieron en pública subasta el inmueble objeto de esta acción en procedimiento judicial en que precisamente se atacó con éxito el traspaso del causante de la codemandante Adriana Figueroa Rivera de propiedades que le pertenecían a éste a favor de unos hijos en preterición de otros, y siendo los demandados en

el procedimiento a virtud del cual se adquirió en subasta pública hermanos de los aquí demandados y de la aquí co-demandante Adriana Figueroa Rivera, todos constituyen la Sucesión de don José Víctor Figueroa.

"3.—Porque la demanda en este caso no especifica si la acción se ejercita en virtud del artículo 1412 del Código Civil de Puerto Rico, edición de 1930 (Retracto Legal), o del artículo 1020 del mismo cuerpo legal; pero aun en este caso, es decir en el de subrogación de que habla el artículo 1020 supra, tampoco procedería la sentencia sumaria, por cuanto tanto los vendedores como los compradores en subasta pública son herederos del causante y los bienes vendidos pertenecían al causante de los adjudicatarios y de la co-demandante Adriana Figueroa Rivera." (T. A., págs. 12 y 13.)

En apoyo de su oposición los demandados presentaron también una declaración jurada suscrita por Américo Figueroa y además los autos de los casos números 49–3172, 55–2425 y 57–3306.

En su declaración jurada Américo Figueroa depuso:

"1.—Que con fecha 21 de febrero de 1951, en unión a mis hermanos Alejandro, Carmín, Oceanía, Carmen María, Esteban, los menores de edad Gloria, Ariel, Teresa, Raúl, Blanca Iris y José Celso en representación de su finado padre José, todos de apellido Figueroa, radicamos en el Tribunal Superior de Puerto Rico, Sala de San Juan, demanda enmendada sobre Nulidad, en el caso Civil Núm. 49–3172 seguido ante dicho Tribunal, contra Adriana Figueroa y su esposo José S. García, América Figueroa, Rosa Camelia Figueroa, Ana Rosa Figueroa y su esposo Rafael Bernahola, María Teresa Figueroa y su esposo Octavio Santi, Juan Figueroa y su esposa Aida Martín, Carmen Caballero Vda. de Martín, Irene Olivero, Valentín Rivera y Rivera, Horacio Figueroa Rivera, Juana Figueroa Martínez, Virginia Figueroa Camacho, Nereida Figueroa y Arminda Figueroa Correa.

"2.—Que los demandados mencionados son los otros hermanos de los demandantes, sus cónyuges, y aquellas personas que directamente intervinieron en el acto o contrato cuya nulidad se solicitó del Tribunal en el caso Civil Núm. 49–3172, supra.

"3.—Que en los apartados noveno, décimo y undécimo de la quinta causa de acción de la referida demanda enmendada de Nulidad los allí demandantes alegamos lo siguiente:

'9. Que asimismo y en igual forma el codemandado Juan Figueroa hizo inscribir e inscribió en el Registro de la Propiedad, al folio 60 vuelto del tomo 46 de Santurce Sur, bajo el número 2696, inscripción sexta, la escritura número 6 otorgada el día 21 de septiembre de 1932 ante el Notario Ismael Soldevila, a virtud de la cual adquirió de Irene Olivero, aquí demandada, el siguiente inmueble:

'Urbana: Solar radicado en la Sección Sur del barrio de Santurce de esta ciudad, compuesto de trescientos treintisiete metros treinta centímetros cuadrados, colindante por el Norte en diecinueve metros con Domingo Aragonés; por el Sur en diecinueve metros con la calle La Palma; por el Oeste, en diecisiete metros con José Víctor Figueroa y por el Este en dieciocho metros cuarenta centímetros con la calle Buenavista. Contiene tres edificios de dos pisos, dos de ellos con los bajos de concreto y los altos de madera y el otro de madera en su totalidad.

'10.—Que la co-demandada Irene Olivero hubo el inmueble descrito en el hecho anterior por compra simulada de José Víctor Figueroa, a virtud de la escritura número 1 de 7 de enero de 1925, ante el Notario Alberto Marín.

'11. Que el demandado Juan Figueroa, en confabulación con la demandada Irene Olivero, con su finado padre José Víctor Figueroa y con el resto de los aquí demandados adquirió el inmueble que se describe anteriormente a sabiendas de que su título era simulado y fraudulento y que se llevaba a efecto la transacción con el propósito de defraudar a los aquí demandantes.'

"4.—Que el día 12 de febrero de 1954, el aquí declarante y sus hermanos también demandantes en el citado pleito Núm. 49–3172, con el propósito de armonizar con los demandados y poner fin a dicha acción de Nulidad, formalizaron un Convenio Privado de Cesión de Derechos Hereditarios con los co-demandados Juan, Horacio, América y Rosa Camelia, de

apellidos Figueroa Rivera, copia del cual se acompaña a esta declaración para que forme parte de la misma.

"5.—Que en mayo 7 de 1954 Adriana Figueroa y su esposo José S. García formalizaron un Convenio Privado de Cesión de Derechos Hereditarios con sus otros hermanos, Horacio, María Teresa, y Rosa Camelia, de apellido Figueroa, cuyo documento consta unido a los autos del caso Civil Núm. 57–3306 radicado ante el Tribunal Superior de Puerto Rico, Sala de San Juan.

"6.—Que los cesionarios en el referido contrato de 12 de febrero de 1954 no cumplieron los términos del mismo, por lo que los cedentes, mis mencionados hermanos y yo, establecimos la Acción Civil Núm. 55–2425, que culminó en la adjudicación en pública subasta, a nuestro favor, de los condominios que los cesionarios América, Horacio y Rosa Camelia Figueroa tenían en la propiedad objeto de la acción de Retracto Legal número 57–3939.

"7.—Que los cesionarios en el Convenio Privado de Cesión de Derechos Hereditarios de 7 de mayo de 1954 tampoco cumplieron totalmente con el mismo, aunque en cumplimiento de parte, el cesionario Juan Figueroa Rivera traspasó a sus hermanos Adriana, María Teresa, Rosa Camelia y Horacio, la propiedad objeto de la acción de Retracto Legal Núm. 57–3939, viéndose obligados también los cedentes José S. García y Adriana Figueroa a demandar a los cesionarios mediante el pleito Civil Núm. 57–3306 radicado ante el Tribunal Superior de Puerto Rico, Sala de San Juan, para cobrar el resto de sus acreencias en el referido Convenio.

"8.—Que tanto los condominios adquiridos por Adriana Figueroa sobre la propiedad objeto de la acción de retracto legal, Civil Núm. 57–3939, como los condominios adquiridos en subasta pública por los demandados en la repetida acción de Retracto Legal, lo fueron en pago y como abono a sus respectivas participaciones hereditarias como herederos directos de don José Víctor Figueroa." (Páginas 15 a 19 de la T. A.)

Más tarde, en una moción presentada por los demandados éstos alegaron que mediante una sentencia sumaria no se podía entrar a considerar todo lo relacionado con la naturaleza del inmueble objeto de la acción, tanto más cuando

por documentos y legajos ofrecidos en evidencia ambas partes había aceptado la naturaleza hereditaria del inmueble en litigio.

El tribunal a quo declaró sin lugar la moción sobre sentencia sumaria pero luego reconsideró su resolución y dictó sentencia sumaria a favor de los demandantes declarando con lugar la demanda de retracto. En este recurso los demandados recurrentes imputan al tribunal sentenciador la comisión de los siguientes errores:

"1. El Tribunal Superior, Sala de San Juan, cometió error al sostener que no existía controversia genuina alguna de hechos en el caso a los efectos de dictar una sentencia sumaria bajo la Regla de Enjuiciamiento Civil 56.

"2. El Tribunal Superior cometió error al sostener que por haber desistido de su acción para establecer su condición de herederos y, por consiguiente, condueños de los bienes del causante José Víctor Figueroa, los demandados no sustentan ni pueden invocar tal condición.

"3. El Tribunal Superior, Sala de San Juan, cometió error al sostener que los demandados son 'extraños' en el concepto que conlleva el Código Civil en relación con el derecho de retracto legal (31 L.P.R.A. 3922).

"4. El Tribunal Superior, Sala de San Juan, cometió error al dictar sentencia declarando con lugar la demanda."

En relación con el primer error señalado la contención principal de los recurrentes es que existe una controversia genuina de hecho en cuanto a si ellos eran extraños o no. ■

Están equivocados. Tanto de las alegaciones como de las declaraciones juradas y demás prueba documental presentada en apoyo y en oposición de la moción de sentencia sumaria no surgió controversia alguna sobre los hechos que precedieron a la venta en pública subasta de los condominios objeto de la acción. A base de esos hechos incontrovertibles lo único que quedaba por decidir era la cuestión legal de si los demandados eran o no extraños dentro del significado

de dicho término en el Art. 1412 del Código Civil de Puerto Rico, (31 L.P.R.A., Sección 39.22). Si los demandados eran extraños, procedía dictar sentencia sumaria a favor de los demandantes pero si no lo eran, entonces procedía dictar sentencia sumaria a favor de los demandados.

Precisamente esa es la cuestión que se levanta en los otros tres errores. No creemos que se hayan cometido.

Es un hecho cierto que tanto la parte demandante como los demandados fueron coherederos y por tanto condueños de la propiedad objeto de este litigio al morir su causante don José Víctor Figueroa. Sin embargo por el convenio privado otorgado en 12 de febrero de 1954 ante el Notario F. M. Susoni, Jr., los demandados cedieron y traspasaron a favor de don Juan, don Horacio Rafael, doña América y doña Rosa Camelia, todos de apellido Figueroa Rivera, los derechos y acciones que a dichos demandados correspondían o pudieran corresponderle en la herencia de su señor padre don José Víctor Figueroa.

El pago del precio de esta cesión se haría mediante el traspaso a los cedentes de ciertos bienes inmuebles, muebles y dinero en efectivo.[1] Los cesionarios cumplieron dicho convenio parcialmente. Con tal motivo los aquí demandados interpusieron acción—Civil número 55-2425—ante la Sala de San Juan del Tribunal Superior, contra los cesionarios en solicitud de que se obligara a éstos a cumplir con el convenio privado antes mencionado y a pagarles la cantidad convenida como el precio de la cesión. En dicho pleito el Tribunal Superior dictó sentencia condenando a los allí demandados a pagarles a los demandantes las cantidades convenidas y además a otorgarles las correspondientes escrituras de cesión de inmuebles según lo habían acordado. Esa sentencia fue confirmada por este Tribunal. En ejecución

[1] En otro convenio privado don Juan Figueroa Rivera se obligó a traspasar el título del inmueble objeto del retracto, a favor de don Horacio, doña Rosa Camelia y doña América Figueroa Rivera, habiéndose dado cumplimiento a dicha obligación.

de dicha sentencia los aquí demandados embargaron la propiedad objeto del retracto y la adquirieron como postores al subastarse la misma. ■

A los demandados pues no se les adjudicó la propiedad en litigio como una participación hereditaria en los bienes del causante don José Víctor Figueroa sino que la adquirieron como acreedores de don Horacio, doña Rosa Camelia y doña América Figueroa Rivera. No fue en su carácter de herederos que adquirieron dicha propiedad sino como postores en la subasta pública celebrada para su venta.

El Art. 1412 del Código Civil (31 L.P.R.A., sec. 3922) dispone:

"Sec. 3922. Retracto por copropietario en cosa poseída en común.

"El copropietario de una cosa común podrá usar del retracto en el caso de enajenarse a un extraño la parte de todos los demás condueños o de alguno de ellos.

"Cuando dos o más copropietarios quieran usar del retracto, sólo podrán hacerlo a prorrata de la porción que tengan en la cosa común.—Código Civil, 1930, art. 1412." (31 L.P.R.A., pág. 307.) ■

La finalidad del indicado precepto es tratar de lograr que cese el estado de indivisión. Puig Brutau, *"Fundamentos de Derecho Civil*, T. III, página 603; 10 Manresa, *Código Civil*, (5ª ed.) pág. 373; *Zalduondo* v. *Iturregui*, 83 D.P.R. 1. Por eso es que dicho precepto concede el derecho a los comuneros de retrotraer si se le vende a un extraño. El Art. 1412 no define el término "extraño" pero todos los tratadistas están de acuerdo en que es aquél que no es un comunero. 10 Manresa, ob. cit., pág. 375; 23 Scaevola, *Código Civil* pág. 864; 4 Colin y Capitant, pág. 278; 2 Clemente de Diego, *Instituciones de Derecho Civil*, pág. 220; 27 *Enciclopedia Jurídica Española*, pág. 523. Puig Peña dice: "El concepto de 'extraño' debe de ser interpretado en sentido amplio; y así declara la jurisprudencia que puede serlo el padre respecto del hijo en determinados casos." (S. de

3 de julio de 1908); Puig Peña, *Derecho Civil,* T. III, vol. 1, pág. 497. En *Rosaly* v. *Ríos,* 63 D.P.R. 836, adoptamos igual interpretación del concepto "extraño". Dijimos en dicho caso, a la página 845, que el concepto de extraño usado en el Código Civil se refiere a toda persona que no sea comunero o copropietario de la cosa común, y citamos de la *Enciclopedia Jurídica,* el artículo sobre *"Retracto de Comuneros",* donde al enumerar los requisitos para ejercitar el retracto legal, dice: "(*c*) que la enajenación sea a favor de un extraño, de un no comunero o copropietario, pues si ésta es a favor de un comunero, el retracto que con ocasión de la misma se concediera carecería de finalidad." Agregamos además que lo dicho por este Tribunal en el sentido de que "los herederos y causahabientes de una persona no pueden considerarse como terceros, con respecto a las obligaciones contraídas por el causante de la herencia" no es de aplicación a los casos de retracto en los que se requiere únicamente que el comprador no sea comunero. ▬

En este caso el hecho de que las partes sean hermanos y coherederos no derrota la acción de retracto. Lo importante es que al momento de ejercitarse la acción el comprador sea un extraño independientemente de si en alguna ocasión fue comunero o coheredero. Aunque se considerara a los recurrentes como coherederos de los recurridos, que no lo son por haber cedido sus derechos, la acción ejercitada en este caso es la de retracto de comuneros y no la de retracto entre coherederos. *Rivera Esbri* v. *Archevald,* 83 D.P.R. 604 (1961).

Concluimos, que los demandados en este caso eran extraños de acuerdo con el Código Civil y que por tanto procedía contra ellos la acción de retracto ejercitada por los demandantes recurridos.

*En su consecuencia se confirmará la sentencia dictada por el Tribunal Superior.*