## González, Demandante y Apelante, *v.* Godreau et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Guayama en un caso sobre retracto legal de comuneros.

No. 1091.—Resuelto en julio 13, 1914.

Retracto Legal de Comuneros—Subrogación del Retrayente—Alegación de Subrogación.—La alegación en la demanda de que ésta se interpone con objeto de subrogarse el demandante en lugar del comprador, es suficiente para demostrar que el retrayente está dispuesto a subrogarse en lugar del comprador en las mismas condiciones del contrato.

Id.—Ofrecimiento del Precio de la Venta y de los Gastos.—La ley no contiene disposición alguna que exija al condueño que trata de retraer, la obligación de que para que pueda acudir al tribunal a ejercitar su derecho de retracto tenga que ofrecer previamente al comprador el precio de la venta y de los otros gastos a que se refiere el artículo 1421 del Código Civil, no siendo por tanto necesario hacer tal alegación en la demanda.

Id.—Consignación del Precio de la Venta—Su Alegación en la Demanda.—Es suficiente una demanda de retracto legal de comuneros en donde se alega que el retrayente ha consignado el precio de la venta en el tribunal que conoce de su juicio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Tomás Bernardini de la Huerta.*

Abogado de los apelados: *Sr. José C. Ramos.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Don Manuel González Martínez demandó ante la Corte de Distrito de Guayama a Guillermo Godreau y a su esposa ejercitando la acción de retracto legal de comuneros. Se opuso a esta demanda la excepción de que no aduce hechos que determinen una causa de acción y, sostenida por la corte, ésta dictó sentencia declarando sin lugar la demanda, contra la cual se ha interpuesto el presente recurso de apelación.

Todas las cuestiones discutidas en este recurso respecto a si es necesaria la consignación del precio de la venta que se trata de retraer, así como la forma de hacerla, han sido

discutidas y resueltas por nosotros en otro caso que fué fallado el día 9 de este mes al discutir el pleito de *González* v. *Acha et al.,* y en el cual dijimos:

"Entendemos que la consignación debe verificarse entregando en el tribunal que conozca del juicio el dinero que importa el precio, ya que solamente de esta manera puede darse cumplimiento al precepto de esa ley (artículo 1621) preceptiva de que el juez mandará a hacer el depósito de la cantidad consignada en el establecimiento público destinado al efecto. Esta disposición de la ley es lo suficientemente clara para conocer la manera de hacer la consignación, por lo cual los artículos contenidos en el Código Civil respecto a la consignación en los casos que es necesaria para que produzca los efectos del pago, no son aplicables a la consignación que se exige para las demandas de retracto, en las que tampoco se necesita ofrecer el precio antes de acudir al tribunal pues no lo exige la ley que ordena la consignación."

En este pleito el demandante consignó en la Corte de Distrito de Guayama con su demanda la cantidad que importa el precio de la venta del retracto a que se refiere, y la única cuestión distinta en el presente es que el apelado sostiene que la demanda no aduce hechos suficientes para determinar una causa de acción y que debe ser confirmada la sentencia apelada porque siendo necesario que en toda demanda se alegue la existencia de un derecho y su violación por el demandado para que la corte pueda conceder el remedio correspondiente, debería alegarse que dentro de los nueve días que la ley concede para el retracto se ofreció a los demandados por el demandante el precio de la venta y los otros gastos a que se refiere el artículo 1421 del Código Civil, así como que los demandados se negaron a aceptarlos. Además, sostiene que la demanda debió alegar que el demandante está dispuesto a subrogarse en lugar de los compradores en las mismas condiciones del contrato.

Respecto de este último particular nosotros podemos decir que el apelado echa en olvido que el demandante alegó en su demanda lo siguiente: "y como la ley concede al demandante

el derecho de retracto para subrogarse en lugar del compra-
dor, con este objeto interpone la presente demanda * * *."
Estas palabras contienen el requisito a que se refiere el ape-
lado.

En cuanto a lo consignado en primer término, diremos
que la ley no contiene disposición alguna que exija al con-
dueño que trata de retraer, la obligación de que para que
pueda acudir al tribunal a ejercitar su derecho de retracto
tenga que ofrecer previamente al comprador el precio de la
venta y de los otros gastos a que se refiere la ley. El derecho
de retraer el condominio vendido a un extraño no surge porque
éste se haya negado a aceptar la oferta que el comprador le
haga del precio, sino del hecho de que la venta a un extraño
se haya realizado. Y de aceptar la teoría del apelado el
derecho de ejercitar la acción de retracto legal nacería
cuando el comprador se hubiere negado a recibir el precio
y no, como dice el artículo 1427 del Código Civil, desde la
inscripción de la venta en el registro de la propiedad, y en
su defecto desde que el retrayente hubiera venido en conoci-
miento de la venta. Por otra parte es tan breve el término
que la ley concede para ejercitar el derecho de retracto que
no sería posible en muchas ocasiones el que dentro de nueve
días se buscara el comprador para ofrecerle el precio y que
se interpusiera la demanda. Tal alegación pues, no es nece-
saria, y por consiguiente el que no se alegue no hace insu-
ficiente la demanda.

En vista de lo antes expuesto y de lo resuelto en el caso
que hemos citado anteriormente, llegamos a la conclusión de
que la demanda es suficiente y que la corte inferior cometió
error al declararla sin lugar, debiendo por tanto revocarse
para que continúe el procedimiento.

> *Revocada la sentencia apelada ordenando que
> continúe el procedimiento de acuerdo con la
> opinión.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.