ISMAEL, GRACIELA H., LUZ MARÍA y JOSÉ RAFAEL GÓMEZ, demandantes y apelados, *v.* TOMÁS y ESTHER COLLAZO VERDEJO, JESÚS MARÍA GÓMEZ, y los menores JOSÉ RAFAEL, HELEN y THOMAS RIVERA GÓMEZ, representados por su padre con patria potestad, TOMÁS RIVERA, demandados y apelantes los dos primeros.

Núm. 9407.—*Sometido:* Abril 9, 1947. *Resuelto:* Junio 19, 1947.

*Adrián Agosto,* abogado de los apelantes; *Harry B. Llenza,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Por la Ley núm. 53 de 11 de julio de 1921 (pág. 387) según fué enmendada por la núm. 60 de 30 de abril de 1928 (pág.

467) se creó la Comisión de Hogares Seguros y se ordenó al Comisionado del Interior de Puerto Rico que construyera en cualquier municipio de esta Isla y en terrenos de El Pueblo de Puerto Rico casas con el fin de suministrar viviendas adecuadas a artesanos, obreros y otros trabajadores, a un costo razonable. Dichas casas serán alquiladas, administradas y vendidas de acuerdo con las Reglas y Reglamentos no incompatibles con esa ley adoptados por la Comisión creada, y arrendadas por un canon bajo. Transcurrido cierto número de años el arrendatario adquirirá en propiedad la casa y solar arrendados. Dispone además dicha ley que los solares y las construcciones levantadas no serán nunca objeto de embargo o hipoteca y que sólo podrán venderse o arrendarse de acuerdo con las disposiciones de ella. Provee igualmente que no podrán arrendarse esas propiedades a ninguna persona que no fuere ciudadana de los Estados Unidos, tenga entradas en exceso de $1,500 al año o tenga otra propiedad en Puerto Rico o en cualquiera otra parte cuyo valor exceda de $300. Asimismo, que el Procurador General, a solicitud del Comisionado del Interior podrá desahuciar al arrendatario en caso de que cualquiera de las condiciones especificadas por la ley no sea observada y que toda persona que a sabiendas alquile o arriende para beneficio pecuniario cualquier vivienda construída en terrenos pertenecientes a El Pueblo de Puerto Rico será culpable de delito menos grave.

A virtud de la Resolución Conjunta número 47 de 15 de mayo de 1933 (pág. 743) se creó la División de Hogares Seguros en el Departamento del Trabajo de Puerto Rico y las facultades originalmente otorgadas por la Ley 53 de 1921, supra, al Comisionado del Interior fueron transferidas al Comisionado del Trabajo de Puerto Rico. Véanse también las Leyes núm. 250 de 15 de mayo de 1938 (pág. 492) y núm. 144 de 13 de mayo de 1943 (pág. 445).

De conformidad con la Ley núm. 53 de 1921 a que antes nos hemos referido ampliamente, en 29 de marzo de 1928

Regino Gómez Leandry en representación de sus seis hijos menores de edad celebró un contrato de arrendamiento con derecho a propiedad en relación con un solar situado en el Barrio Obrero, de Santurce, y cinco días más tarde adquirió de doña Juana Capó, por escritura pública, una casa enclavada en el mismo. En 20 de agosto de 1941 María Dolores Gómez de Rivera, una de las hijas de Regino Gómez Leandry, falleció en la ciudad de Nueva York, dejando tres hijos menores de edad, llamados José Rafael, Helen y Thomas Rivera. En procedimiento seguido ante la Corte de Distrito de San Juan estos tres niños fueron declarados únicos y universales herederos de su señora madre y mediante la correspondiente solicitud de autorización judicial la misma corte autorizó la venta en pública subasta de la participación de los menores en la referida casa y solar. Celebrada ésta la buena pro correspondió a Tomás Collazo Verdejo, uno de los aquí demandados. Posteriormente, o sea en 6 de febrero de 1942, Jesús María Gómez, otro de los hijos de Regino Gómez Leandry, por escritura pública vendió su condominio al citado Tomás Collazo Verdejo.

Con fecha 7 de septiembre de 1944 Ismael, Graciela H., Luz María y José Rafael Gómez, o sea los cuatro hijos restantes de Regino Gómez Leandry acudieron ante la extinta Corte de Distrito de San Juan con una demanda solicitando la nulidad de las escrituras a virtud de las cuales se traspasaron a Tomás Collazo Verdejo los condominios pertenecientes a los tres hijos de María Dolores Gómez de Rivera y a Jesús María Gómez, basándose principalmente en que dichos traspasos habían sido hechos sin que Collazo Verdejo cumpliera con los requisitos exigidos por la Comisión de Hogares Seguros bajo la Ley de 1921 y con los Reglamentos a virtud de ella aprobados. Solicitaron asimismo que mediante consignación en la Secretaría de dicha corte de distrito de las sumas en que los referidos condominios fueron vendidos se les traspasaran y cedieran los mismos a ellos.

En la demanda figuraban como demandados el adquirente original Tomás Collazo Verdejo, la hermana de éste, Esther Collazo Verdejo, a quien Tomás le había cedido por escritura pública los dos condominios por él adquiridos, así como Jesús María Gómez y los menores José Rafael, Helen y Thomas Rivera Gómez por haberse negado estos últimos a unirse como demandantes.

En su contestación los demandados admitieron ciertos hechos, negaron otros y como defensas especiales alegaron, entre otras cosas, que los demandantes no son dueños ni tienen ningún derecho, interés o participación en el inmueble objeto del pleito; y que la acción, de proceder, ha debido ser establecida por El Pueblo de Puerto Rico y no por los aquí demandantes.

Trabada así la contienda, fué el pleito a juicio y la corte inferior dictó sentencia declarando nula la adjudicación hecha a favor de Tomás Collazo Verdejo de la participación correspondiente a los tres hijos de María Dolores Gómez de Rivera; declarando nulo y sin ningún valor el traspaso hecho a favor del referido Collazo Verdejo por Jesús María Gómez; y declarando asimismo nulo y sin valor alguno el traspaso hecho por Tomás Collazó Verdejo a su hermana Esther Collazo Verdejo. Condenó también a los demandados al pago de las costas, incluyendo $75 para honorarios de abogado. Contra la sentencia así dictada los demandados han apelado para ante este Tribunal y en su alegato sostienen que la corte inferior cometió error al declarar con lugar la demanda, toda vez que los demandantes no tienen capacidad para demandar, teniéndola tan sólo El Pueblo de Puerto Rico; al dictar sentencia a favor de los demandantes, ya que si ellos vendieron sus participaciones, mientras no se rescinda la escritura de compraventa son los adquirentes y no ellos quienes continúan siendo dueños de la propiedad en cuestión; y al no resolver que el título de Esther Collazo Verdejo fué tácitamente aprobado por la Comisión de Hogares Seguros del Departamento del Trabajo.

██ ██ Es incuestionable que de conformidad con los términos de la ley creadora de la Comisión de Hogares Seguros cualesquiera traspasos de las casas, solares y granjas por ella cedidos tienen que tener su aprobación. La prueba en este caso no revela que los hechos en favor de Tomás Collazo Verdejo y por éste a su hermana Esther Collazo Verdejo fueran en forma alguna ratificados por dicha Comisión. Empero, no es necesario que resolvamos si a virtud de la carencia de esa aprobación de los traspasos por la Comisión los mismos resultan ser nulos o no. El error inicial señalado por los apelantes es, conforme se ha visto, que los demandantes carecen de capacidad para demandar. Si se examina la demanda y la súplica de ella se verá que la misma está dirigida a anular los traspasos hechos a favor de Collazo Verdejo y a lograr que las participaciones de éste o de su hermana Esther sean transferidas a los demandantes. La demanda, podría decirse, es una de nulidad y retracto. Si interpretamos ésta como una de nulidad, no vemos en verdad qué derecho pueden tener los demandantes a solicitar que se anulen los traspasos hechos a Collazo Verdejo. La situación en ese caso resultaría ser idéntica a aquélla que surgiría si $A$, $B$, y $C$ fueran dueños en común pro indiviso de un inmueble y $C$ traspasara a un tercero su participación, resultando nulo e írrito tal traspaso por cualquier motivo. No podría concebirse que $A$ y $B$, debido a la nulidad del traspaso hecho por $C$, tuvieran derecho a atacar el mismo y a insistir en que la participación de $C$ les fuera adjudicada, previa consignación del valor de esa participación. Tal ataque o alegación de nulidad podrían hacerlos el propio $C$, o en su defecto sus causahabientes, pero nunca personas extrañas, como resultarían serlo $A$ y $B$. Igual situación surge aquí con los demandantes. Ellos nada tienen que ver con la supuesta nulidad de los traspasos hechos a Collazo Verdejo. Desde luego, además de la impugnación de los propios cedentes y sus causahabientes, los

traspasos podrían ser atacados por la propia Comisión de Hogares Seguros. Véanse artículos 6(c) e (i) y 21 de la Ley 53 de 1921.

Diremos *a fortiori* que no estamos olvidando, por supuesto, que de conformidad con la escritura número 17, otorgada en 25 de marzo de 1943, los aquí demandantes, quienes para esa fecha ya eran todos mayores de edad, vendieron sus respectivas participaciones a Milagros y Eduardo Gómez Martínez, hijos del propio Regino Gómez Leandry en un segundo matrimonio. Dicha escritura fué admitida en evidencia y no creemos que pudieran variarse los términos de la misma con el testimonio de Gómez Leandry en la forma en que éste se desarrolló. El hecho de que dicha escritura pudiera resultar nula al no haberse aprobado por la Comisión de Hogares Seguros no desempeña papel de importancia, ya que la misma debe considerarse válida y eficaz hasta tanto ella sea declarada nula por un tribunal de jurisdicción competente o hasta que los otorgantes la dejen sin efecto. Así pues, si los aquí demandantes habían vendido sus participaciones en la propiedad ellos no tenían interés alguno en la misma y en su consecuencia por este motivo adicional carecían también de personalidad para demandar.

■ Si interpretamos la demanda como una a virtud de la cual los demandantes desean, en su carácter de copartícipes, retraer los condominios vendidos a Collazo Verdejo, necesariamente tenemos que resolver que cualquier derecho que ellos pudieran tener en ese sentido prescribió años antes de entablar su demanda. Decimos esto tomando especialmente en consideración que la demanda en este caso fué radicada tres años 7 meses y 20 días después de haberse efectuado la adjudicación de la participación de los herederos de María Dolores Gómez de Rivera y 2 años 7 meses un día después de haberse suscrito la escritura a virtud de la cual Jesús María Gómez traspasó su participación a Tomás Collazo Verdejo. Según el artículo 1414 del Código Civil el retracto le-

gal deberá ejercitarse dentro de nueve días contados desde la inscripción en el registro, y en su defecto, desde que el retrayente hubiera tenido conocimiento de la venta. En este caso no hubo prueba específica de la fecha en que los demandantes tuvieron conocimiento de la adjudicación y venta a Collazo Verdejo, aunque de la transcripción sí se desprende que Regino Gómez Leandry, padre de los demandantes, supo de la adjudicación a Collazo Verdejo, 3 ó 4 meses después de haberse ésta efectuado.

*Debe revocarse la sentencia dictada por la corte inferior y declararse sin lugar la demanda, con costas.*