ALBERTO R. FUERTES, demandante y recurrente, *v.* FULGENCIA ARZÓN MÉNDEZ, demandada y recurrida.

Número 12083.

*Sometido:* 5 de marzo de 1959. *Resuelto:* 17 de agosto de 1959.

*Juan Nevares Santiago,* abogado del recurrente; *Francisco Torres Aguiar,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

El punto debatido en este recurso es si el comprador de una participación dominical hereditaria en determinada finca

rústica puede retraer las que otros coherederos vendieron después a un extraño.

Carmen, Juan José, Fernando y Francisca, González Pedraza, y Ernesto Cuebas, en unión a otras cuatro personas, eran dueños, por título hereditario, en la proporción de una novena parte cada uno, de una finca de 161 cuerdas radicada en el municipio de Naguabo.

El 8 de marzo de 1956 la coheredera Carmen González Pedraza vendió su participación dominical en ese inmueble al recurrente Alberto R. Fuertes, quien la inscribió a su nombre en el Registro de la Propiedad. Transcurrido el plazo para ejercitar en su contra la acción real retractual, quedó consentida por los coherederos restantes y alcanzó firmeza la adquisición convirtiéndose Fuertes en un cotitular absoluto de la finca en la proporción de una novena parte.

El 5 de mayo de 1956, los coherederos Juan José, Fernando y Francisca, González Pedraza, y Ernesto Cuebas, ([1]) vendieron sus condominios a la recurrida Fulgencia Arzón Méndez. Cuatro días después, Fuertes presentó demanda ante el Tribunal Superior, Sala de Humacao, contra la señora Arzón Méndez para retraer las cuatro novenas partes de la finca compradas por ella, exponiendo en su demanda lo siguiente:

"El demandante alega:

"1. Que el demandante *es dueño de una participación indivisa equivalentes* (sic) *a una novena parte* de la finca que más adelante se describe siendo la demandada Fulgencia Arzón Méndez dueña de cuatro novenas partes, Germán Morales García, la sucesión de Antonio González, María González Pedraza y José González Pedraza son dueños cada uno de una novena parte de la referida finca. La finca se describe así: (sigue su descripción).

"2. Que el demandante adquirió su novena parte por escritura 65 pasada ante el notario Faustino R. Aponte, [de] doña Carmen González Pedraza (sic) el día 8 de marzo de 1956 y se encuentra inscrita al folio 139 del tomo 45 de Naguabo, finca 198 inscripción. . . . . . . . . . . . . .

---

([1]) Los autos indican que la participación indivisa de Ernesto Cuebas pertenecía a éste y a su esposa Sara Luisa González y que ambos la cedieron a la demandada.

"3. Que por escritura 102 pasada ante el notario Faustino R. Aponte con fecha 5 de mayo de 1956 *la demandada adquirió la participación indivisa en la finca descrita equivalente a cuatro novenas partes* de los señores Ernesto Cuebas y esposa Sara Luisa González, Juan José González, Fernando González y Francisco González por el precio de ocho mil ($8,000) dólares.

"4. Que los señores Ernesto Cuebas, Sara Luisa, Juan José, Fernando y Francisca González eran dueños de las cuatro novenas partes de la finca descrita *vendieron sus participaciones en la referida finca descrita a una persona extraña como es la demandada.*

"5. Que el demandante *haciendo uso del derecho de retracto legal* desea subrogarse en el lugar de la compradora demandada con las mismas condiciones estipuladas en el referido contrato de venta y reembolsará a ésta, no sólo el precio de la venta, sino también los gastos del contrato y cualquier otro gasto que sea de legítimo abono originado por la aludida venta y los gastos necesarios y útiles hechos en la finca objeto del pleito cuya finca se halla todavía en estado de indivisión, siendo dichos gastos según estima el demandante, la suma de $50.00, y que en caso de ser más el demandante los pagará.

"6. *Que el demandante ha consignado en el día de hoy* fecha (sic) en la Sala de Humacao del Tribunal Superior de Puerto Rico *los ocho mil dólares precio de la venta* en un cheque certificado y además $50.00 más adicionales que calcula como costo legal máximo de los gastos de compraventa en total $8,050.00, ambos cheques a nombre del Sr. Secretario del Tribunal, para la demandada.

"7. Que el demandante *se compromete y obliga a no vender durante cuatro años* las participaciones del dominio en la finca objeto del retracto cuyo compromiso solemnemente hace para que pueda ser objeto del pronunciamiento en la sentencia que recaiga en definitiva."—Énfasis suplido.—

Se personó en el pleito la demandada y solicitó la desestimación de la demanda por el fundamento de no aducir hechos suficientes constitutivos de una causa de acción. Luego de ser discutida la moción el tribunal de instancia consideró que la acción ejercitada por Fuertes era la del retracto sucesorio autorizada por el art. 1020 del Código Civil y desestimó la demanda con imposición de costas y honorarios de abogados

494

basándose en que "el demandante en este caso es un extraño en la herencia y el derecho del coheredero a establecer la acción de retracto no es trasmisible a éste por razón de haber adquirido dicha participación en la herencia."

Apeló el demandante y en su alegato sostiene que la sala sentenciadora erró al resolver que él carecía de causa de acción para ejercitar la acción de retracto legal y en la aplicación del derecho a los hechos del caso.

■■ Tiene razón el demandante recurrente. La apreciación de la naturaleza de la acción ejercitada que hizo el tribunal a quo resulta manifiestamente equivocada e insostenible.

Una simple lectura de las alegaciones de la demanda que dejamos transcritas basta para concluir que el retrayente Fuertes se estaba valiendo de su carácter jurídico de comunero o copropietario para deducir su acción. Ninguna de esas alegaciones permiten interpretarla en el sentido de que su derecho a retraer se lo había trasmitido su vendedora la coheredera Carmen González Pedraza, ni de que él pretendía que fuera considerado como coheredero al efecto de intentar el retracto al amparo del art. 1020 del Código Civil.(2)

En el curso de la discusión de la moción de desestimación expresó el letrado del demandante que éste litigaba como "condueño en esa propiedad"; el de la compradora demandada, en parte, que "se trata de retracto bajo el artículo 1412, o sea, retracto de comunero."(3)   El propio tribunal, en su resolución hizo constar:

---

(2) Este artículo lee así:

"Si alguno de los herederos vendiere a un extraño su derecho hereditario antes de la partición, podrán todos o cualquiera de los coherederos subrogarse en lugar del comprador, reembolsándole el precio de la compra, con tal que lo verifiquen en término de un mes a contar desde que esto se les haga saber."

(3) En su primer párrafo, dispone este artículo:

"El copropietario de una cosa común podrá usar del retracto en el caso de enajenarse a un extraño la parte de todos los demás condueños o de alguno de ellos."

"La contención de la parte demandante es que de acuerdo con el artículo 326 del Código Civil, edición de 1930 (que define la comunidad de bienes) así como los artículos 1411, 1412, y 1414 procede la acción de Retracto ya que existe una comunidad de bienes y por tanto al adquirir la demandada las 4/9 partes de otros copartícipes en la propiedad tienen éstos, de acuerdo con dichos artículos, el derecho a recobrar las participaciones vendidas."

Si el retracto de comuneros era el intentado por el demandante, como realmente lo fue, era el deber de la corte sentenciadora considerar la suficiencia de la demanda a la luz de sus propias alegaciones. Si bien Fuertes era, y sigue siendo, un extraño a la herencia de que formaba parte su vendedora Carmen González Pedraza, a la fecha en que los otros coherederos vendieron a la señora Méndez Garzón 4/9 partes del inmueble él no era un extraño a la comunidad de bienes que existía sobre esa finca. Ya se había consolidado su coparticipación en la titularidad de la misma. La circunstancia de él haber derivado su título de una coheredera no enervaba su acción para retraer en su calidad de copropietario las 4/9 partes vendidas después a la demandada por otros coherederos. (⁴)

---

(¹) Bajo las circunstancias expresadas en la demanda ni aun los otros cuatro coherederos que continuaron en la comunidad y que nunca vendieron, podían ejercitar con éxito el retracto sucesorio del art. 1020. Compete exclusivamente a los coherederos usar de la facultad que este artículo concede, tan sólo en el caso en que, antes de ser partida la herencia, un heredero haya vendido, en todo o en parte *su derecho hereditario*, o sea el derecho sucesorio considerado incorporal y abstractamente, como universalidad o conjunto de derechos, obligaciones y acciones indeterminados que ha adquirido el heredero y se ha impuesto al aceptar la herencia. La viabilidad del retracto sucesorio, que es un especial y peculiar privilegio del que ostenta realmente el título universal de heredero al momento de la venta y a la fecha en que se ejercita, está condicionada a la existencia de ese elemento esencial y antecedente indispensable. Si el objeto de la venta que realiza el heredero a favor de un extraño consiste en una cuota–parte o participación dominical concreta en un inmueble determinado, como lo fue la venta de las 4/9 partes en dicha finca a favor de la demandada, ya no tiene aplicación el art. 1020, como tampoco la tendría si adjudicado proindiviso en la partición uno de los varios inmuebles de la herencia a un grupo de herederos cualquiera de éstos vendiera a un extraño su porción dominical en el fundo, o si el enajenante fuese el cónyuge viudo transmi-

Fuertes nunca compró a Carmen González Pedraza, en todo o en parte, el derecho hereditario de ésta en la sucesión de su primitiva causante, ni promovió su acción como cesionario o poseedor de tal derecho hereditario; ella le trasmitió únicamente su individual condominio de una novena parte que poseía en la estancia descrita en la demanda, no una participación indivisa, ideal o indeterminada, en la universalidad de la herencia, ni tampoco su intransmisible calidad jurídica de heredera.(5)   Pasado el tiempo para que retrajeran los coherederos restantes, se produjo una situación de copropiedad respecto a él dentro de la cual tiene perfecto encaje el retracto de comuneros que se concede a todo copropietario.   A pesar de considerarse unánimemente por la doctrina jurisprudencial y científica el retracto como un derecho excepcional, de inter-

tiendo a un extraño tan sólo su interés ganancial.   Sin embargo, constituyendo la herencia indivisa una comunidad forzosa, de carácter específico, que transitoriamente liga y vincula a sus componentes en forma más enérgica que la proindivisión ordinaria, y un tipo especial intermedio de comunidad de bienes, podrían los herederos como condueños, en casos como el presente y en aquéllos a que nos hemos referido, acogerse al retracto legal de comuneros que regulan los arts. 1411, 1412 y 1414 del Código Civil.   El sucesorio no es nada más que un caso particular del de comuneros, una modalidad o subespecie del mismo.—*Benítez* v. *Díaz,* 28 D.P.R. 673, 677 (1920); *Vellón* v. *Central Pasto Viejo,* 34 D.P.R. 233, 234 (1925); SS. 12 de febrero de 1904, 5 de noviembre de 1908, 14 de mayo de 1912, 7 de febrero de 1944, 11 de junio de 1951, 27 de marzo de 1953, 8 de junio de 1956 y 7 de julio de 1956, Tribunal Supremo de España; Castán, Derecho Civil Español, t. 4, pág. 142 y sigtes., ed. 8a.; J. Santamaría, Comentarios al Código Civil, t. 1, pág. 994, ed. 1958; Manresa, Código Civil Español, t. VII, pág. 809, ed. 7a.; Scaevola, Código Civil, t. XVIII, pág. 674, ed. 2a.; Valverde, Derecho Civil Español, t. V, pág. 585, ed. 4a.; Borrell y Soler, Derecho Civil Español, t. V, pág. 520 y sigtes.; Martínez Ruiz, El Código Civil, t. VI, pág. 481; Calvo y Camina, El Retracto de Coherederos, Revista de Derecho Privado, tomo II, pág. 175 y sigtes.

(5) Sobre esta situación comenta Manresa, ob. cit. pág. 815:

"(h) *El comprador del derecho hereditario,* ¿será considerado como coheredero al efecto de intentar el retracto contra otro adquirente?   Estimamos que no.   El derecho de retraer es personalísimo, y, por tanto, no transmisible.   El coheredero aceptante tiene ese derecho, pero si vende *su participación hereditaria* pierde por su parte la facultad de retraer por dejar de ser tal coheredero, y no pasa dicha facultad al comprador por no ser transmisible."   Énfasis nuestro.

pretación restrictiva y de aplicación rigurosa, (6) nuestro Código Civil no hace distinción ni exclusión alguna, para concederlo, entre el copropietario que lo es por haber comprado su participación dominical en la cosa común a un miembro de una comunidad hereditaria y el que la adquirió de uno que lo era de una comunidad ordinaria. (7)

Para que pueda darse curso a las demandas de retracto legal de comuneros, se requiere:

1. Que exista la comunidad de bienes; la acción se inste por un copropietario y se trate de una enajenación de parte de la cosa común a favor de un extraño a la comunidad. Arts. 1411 y 1412, Código Civil; *Rosaly* v. *Ríos*, 63 D.P.R. 836, 846 (1944).

2. La presentación de la demanda dentro de nueve días contados desde la fecha en que se practique la inscripción en el Registro de la Propiedad (no desde la fecha del asiento de presentación), y en su defecto, desde que el retrayente hubiera tenido conocimiento del otorgamiento de la escritura de venta, o desde su consumación. Art. 1414, Código Civil; *Gómez* v. *Collazo*, 67 D.P.R. 485, 490 (1947); *Rosaly* v. *Ríos*, ante, a la pág. 842; Castán, Derecho Civil Español, Común y Foral, 8a. ed., t. 4, pág. 146.

3. Que el demandante consigne con su demanda, en el tribunal que conozca del juicio (1) el precio real o verdadero de la enajenación, (2) los gastos del contrato, (3) cualquier otro pago legítimo hecho para la enajenación, y (4) los gastos

---

(6) *Felici* v. *Ribas*, 11 D.P.R. 539 (1906); *Vellón* v. *Central Pasto Viejo*, supra, a la pág. 240; *Noble* v. *Rodríguez*, 69 D.P.R. 482, 490 (1949); Castán, ob. cit., pág. 165; Borrell y Soler, ob. cit., pág. 268.

(7) Como dice Sánchez Román a la página que de su obra citamos: "... la ley no niega (el retracto) al mismo comprador extraño si la venta se hubiera hecho firme por no ejercitarse aquel derecho."

En Sentencia del 14 de noviembre de 1955 declaró el Tribunal Supremo de España: "El retracto de comuneros tiene su origen en la situación jurídica de copropiedad o comunidad de bienes, con abstracción del título por el cual los condóminos hayan llegado a esa copropiedad, y nace en el momento en que uno de estos condueños enajena su derecho a un extraño a la comunidad."

necesarios y útiles hechos en la cosa enajenada, si son conocidos, o si no lo fuesen que dé fianza de consignarlos luego que lo sean. Arts. 1407 y 1415, Código Civil; *Llambías* v. *Pagán*, 65 D.P.R. 451, 463 (1945); *Martínez* v. *Pirallo*, 61 D.P.R. 91, 92 (1942); *González* v. *Acha et al.*, 21 D.P.R. 158, 160 (1914); y

4. Que el retrayente se comprometa a no vender la participación dominical que retraiga durante cuatro años. *Quiñones* v. *Alcaide*, 72 D.P.R. 718, 722 (1951) y casos citados a la pág. 723.

El demandante ha cumplido plenamente con todos estos requisitos y bajo la teoría del retracto legal de comuneros concurren en su demanda todos los hechos o supuestos precisos para el ejercicio de esa clase de acción.[8]

*En virtud de las razones expuestas, se revocará la sentencia recurrida y se devolverá el caso al tribunal de instancia para ulteriores procedimientos compatibles con esta opinión.*

El Juez Asociado Sr. Serrano Geyls no intervino.

---

[8] La recurrida llama nuestra atención hacia la Sentencia dictada por el Tribunal Supremo de España el 6 de mayo de 1931, publicada en el tomo 200, páginas 68–79, de la Revista General de Legislación y Jurisprudencia. Cuidadosamente la hemos examinado y considerado. Las circunstancias reveladas por los nueve resultandos de ese fallo no tienen analogía con las expuestas en la demanda de Fuertes, con la minúscula excepción de que allí se trataba del retracto de una fracción ideal de "una novena parte" de un derecho hereditario. El demandante en aquel caso, don Anastacio de la Oliva, era un comprador a quien únicamente se le había trasmitido la participación ideal o indeterminada que a su vendedora le podía corresponder en cierta herencia y su derecho no consistía "en propiedad alguna sobre las fincas como los que el demandante pretende retraer", y no se le reconoció el derecho a retraer por faltarle la circunstancia de ser copropietario de los bienes.