# 2000 DTA 139

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE MAYAGUEZ/AGUADILLA**

OROCIA ELIAS MUÑIZ Y AIDA ELIAS MUÑIZ
Demandantes-Apeladas

v.

MARGARITA SANCHEZ RIVERA Y MARGARITA ELIAS SANCHEZ
Y DOMINGO ELIAS SANCHEZ
Demandados-Apelantes

Núm. KLAN-2000-00104

San Juan, Puerto Rico, a 13 de junio de 2000

Panel integrado por su Presidenta, la Juez López Vilanova
y los Jueces Córdova Arone y Escribano Medina

Escribano Medina, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Los apelantes, Margarita Sánchez Rivera, Margarita Elías Sánchez y Domingo Elías Sánchez, solicitan se revoque la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (Hon. Jaime Conty Pérez) el 29 de diciembre de 1999 y notificada en la misma fecha. Mediante el dictamen en cuestión, el tribunal declaró con lugar la demanda de acción instada de retracto de coherederos.

Luego de examinar el expediente y la jurisprudencia aplicable, procedemos a resolver el recurso.

### I

Telesforo Elías Muñiz y su esposa Bacilisa Mercado Velázquez son los causantes originales en una acción de partición de herencia. Estos, a su vez, eran dueños en partes iguales e indeterminadas (50% para cada uno) de una finca ubicada en la carretera estatal 413, kilómetro 1.6 en el Bo. Ensenada del Municipio de Rincón; ésta no consta inscrita en el Registro de la Propiedad.

Conforme surge de la Resolución sobre Declaratoria de Herederos emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, los herederos de cada uno de los referidos causantes para el 8 de abril de 1983, eran los siguientes:

**Herederos de Telesforo Elías Muñiz:**

Hijos:

1. Jorge Elías Mercado

2. José Encarnación (Concepción) Elías Ruiz

3. Pablo Elías Ruiz

4. Domingo Elías Ruiz

5. Cruz Elías Ruiz

Nietos (Hijos de Rafael Elías Mercado, hijo difunto de Telesforo Elías Muñiz):

1. Orocia Elías Muñiz

2. Enrique Elías Muñiz

3. Aida Elías Muñiz

4. Rafael Elías Muñiz

Hijo de Margarita Elías Ruiz, hija difunta de Telesforo Elías Muñiz:

5. Gilberto Ruiz Elías

Herederos de Bacilisa Mercado Velázquez:

Hijos

1. Jorge Elías Mercado

Nietos (Hijos de Rafael Elías Mercado, hijo difunto de doña Bacilisa)

1. Orocia Elías Muñiz

2. Enrique Elías Muñiz

3. Aida Elías Muñiz

4. Rafael Elías Muñiz

El heredero Jorge Elías Mercado llevó a cabo una venta de su cuota indeterminada en la participación hereditaria que poseía, tanto en el caudal relicto de su padre, el causante Telesforo Elías Muñiz, así como en el de su madre, la causante Bacilisa Mercado Velázquez. La referida venta fue realizada a favor de Domingo Elías Ruiz y de su esposa, la aquí co-demandada y su hoy viuda, Margarita Sánchez Rivera, por la suma total de cinco mil dólares ($5,000.00).

El 15 de enero de 1997, las apeladas Orocia Elías Muñiz y Aida Elías Muñiz se enteraron de la venta de la quota indeterminada perteneciente al heredero Jorge Elías Mercado. ■

El 24 de enero de 1997, las demandantes, Orocia Elías Muñiz y Aida Elías Muñiz, presentaron demanda sobre Retracto de Coherederos que origina el presente caso. En dicha fecha, consignaron la suma de tres mil ochocientos noventa y ocho dólares con noventa centavos ($3,898.90) como precio para ejercer su derecho de retracto de la herencia derivada de la causante Bacilisa Mercado Velázquez. También consignaron la suma de cien dólares ($100.00) en concepto de costas y gastos que pudiera incurrir la parte demandada.

Tal y como se desprende de los hechos ante nos y como correctamente el foro apelado concluyó, en el caso de epígrafe no se llevó a cabo la partición del caudal relicto de la causante Bacilisa Mercado Veláquez. Asimismo, concluyó que las demandantes, Orocia y Aida Elías Muñiz, son herederas de dicha causante y que Margarita Sánchez Rivera, Margarita Elías Sánchez y Domingo Elías Sánchez, son extraños al caudal relicto de Bacilisa Mercado Velázquez. También concluyó que el 15 de enero de 1997 fue cuando las demandantes Orocia y Aida Elías Muñiz tuvieron el conocimiento para poder ejercer la acción de retracto de coherederos. Por lo que haber instado la demanda el 24 de enero de 1997, lo hizo dentro del término de un mes, a tenor con el Art. 1020 del Código Civil.

No estando conforme con la referida sentencia, los apelantes presentaron el recurso que nos ocupa. Apuntan los siguientes señalamientos de errores:

*"Erró el Honorable Tribunal de Instancia al concluir "que no fue sino hasta el 15 de enero de 1997 que las demandantes tuvieron el conocimiento exigido por nuestro ordenamiento jurídico para poder ejercer la acción de retracto de herederos.*

*Cometió grave error el Honorable Tribunal de Instancia al determinar que el recurso instado por las co-demandantes, sobre retracto de coherederos, aplicaba a los hechos presentados en el caso y no el retracto de comuneros.*

*Erró el Honorable Tribunal de Instancia al concluir que los co-demandados son "extraños" en la comunidad de bienes existentes entre la Sucesión de Telesforo Elías Muñiz y la Sucesión de Bacilisa Mercado Velázquez."*

## II

En cuanto al primer señalamiento de error, alegan los apelantes que erróneamente el tribunal concluyó que no fue sino hasta el 15 de enero de 1997 que las apeladas tuvieron el conocimiento exigido para ejercer la acción de retracto de herederos. No les asiste la razón. Veamos.

El Artículo 1020 del Código Civil, 31 L.P.R.A. sec. 2886, en lo pertinente al retracto de coherederos dispone:

*"Si alguno de los herederos vendiere a un extraño su derecho hereditario antes de la partición, podrán todos o cualquiera de los coherederos subrogarse en lugar del comprador, reembolsándole el precio de la compra, con tal que lo verifiquen en término de un mes a contar desde que esto se le haga saber.*

*El término dentro del cual un coheredero debe ejercitar su derecho de retracto sucesorio -también conocido como retracto de coherederos, es de 30 días desde que el coheredero retrayente tuvo conocimiento de la transacción de venta de la cuota o participación hereditaria de un heredero en el caudal relicto." Lugo Ortiz v. Ferrer*, 85 D.P.R. 862 (1962).

Para que proceda la acción de retracto sucesorio a favor de un coheredero retrayente, es preciso que el objeto de la transmisión efectuada por otro coheredero haya sido la cuota o participación hereditaria o conjunto de los derechos sucesorios de dicho coheredero en el caudal relicto, y dicha transmisión haya ocurrido antes de haberse efectuado la partición del caudal relicto; el derecho a dicha acción subsiste mientras dure la comunidad de bienes que la partición de la herencia hace cesar. *Rivera Esbrí v. Archevald*, 83 D.P.R. 604 (1961).

En el caso de epígrafe, alegan los apelantes que los apelados conocían, mediante carta del 29 de mayo de 1983, los detalles de la transacción sobre la cesión, por lo que arguyen que siendo así ahora, no pueden pretender instar recurso judicial para subrogarse. De otra parte, los apelados sostienen que antes del 15 de enero de 1997, *"los apelantes no habían autorizado, solicitado u ordenado a algún agente, pariente o representante suyo a enseñar, mostrar o revelar a los apelados, original o copia del contrato privado mediante el cual Jorge Elías Mercado, coheredero de doña Bacilisa, cedió o vendió a Domingo Elías Ruiz y a su esposa Margarita Sánchez Rivera, sus derechos hereditarios en los caudales relictos o herencias de Don Telesforo y Doña Bacilisa".* ■

Aun suponiendo que pudiera admitirse la contención de los apelantes, lo cierto es que la venta efectuada mediante escritura pública no fue inscrito en el Registro de la Propiedad ni era conocido por los apelados, sino hasta el 15 de enero de 1997. Para esa fecha no se había hecho la partición del caudal, por lo que los apelados eran dueños del predio y sin duda tenían derecho a ejercitar el retracto. El 24 de enero de 1997, los apelados instaron acción de retracto, conforme al término de 30 días que establece el artículo 1020, *supra*.

Cabe señalar que es norma reiterada en nuestra jurisdicción que un tribunal apelativo no intervendrá con la apreciación que de la prueba desfilada haya hecho el Tribunal de Instancia en ausencia de error manifiesto pasión, prejuicio o parcialidad. Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.2; *Méndez de Rodríguez v. Morales Molina*, ___ D.P.R. ___ (1996), **96 J.T.S. 149**, a la pág. 347; *Cándido Oliveras, Inc. v. Universal Insurance Company*, ___ D.P.R. ___ (1996), **96 J.T.S. 145**, a la pág. 298; *Rivera Pérez v. Cruz Corchado*, 119 D.P.R. 8, 14 (1987).

En la situación de autos, carecemos de elementos de juicio para sustituir el criterio del foro apelado.

En su segundo señalamiento de error, alega el apelante que erró el foro de instancia al concluir que aplicaba la figura de retracto de coherederos y no el retracto de comuneros.

El caso *Rivera Esbrí v. Archevald, supra*, a las págs. 612-614, establece la naturaleza de ambos retractos.

*"Prácticamente, existe unanimidad en la Doctrina al efecto de que la subrogación sucesoria que consagra el artículo 1020 del Código, también llamada retracto de coherederos, es una especie o sub-especie del retracto de comuneros, pues en ambas se trata de una situación de indivisión, sólo que el primero presenta una variante por razón del objeto sobre el cual recae la comunidad. Es pues, en el objeto de la indivisión, que reside la diferencia principal entre ambos supuestos: en la subrogación sucesoria, el objeto es la participación o cuota del coheredero en todos los bienes que forman parte del caudal; en el retracto de comuneros, el objeto es la participación determinada o condominio de comunero en el bien poseído común proindiviso"*. *Fuertes v. Arzón*, 81 D.P.R. 491 (1959).

Como señalamos, antes de efectuarse la partición, Jorge Elías Mercado vendió a Domingo Elías Ruiz y a su esposa Margarita Sánchez Rivera, toda su participación, derecho e interés sobre los bienes mencionados, por lo que corresponde recobrar dicha participación en cuanto a la herencia de Bacilisa Mercado Velázquez. El retracto de coherederos es el recurso adecuado, pues Aida y Orocia Elías Muñiz son las coherederas de Bacilisa Mercado Velázquez.

Establecido lo anterior, nos resta determinar si los co-demandados son extraños en la sucesión de Telesforo Elías Muñiz y la sucesión de Bacilisa Mercado Velázquez.

A los fines del artículo 1020, *supra*, extraño significa todo el que no sea heredero. La acción de retracto de herederos tiene como fin el evitar el advenimiento de un extraño en las operaciones de partición de una herencia. *González de Salas v. Viuda de González*, 99 D.P.R. 577 (1971).

Como bien concluyó el tribunal de instancia, Orocia y Aida Elías Muñiz son herederas de la causante Bacilisa Mercado Velázquez y las apelantes Margarita Sánchez Rivera, Margarita Elías Sánchez y Domingo Elías Sánchez son extraños al caudal de la causante.

Toda vez que hemos determinado que la decisión del Tribunal fue correcta a la luz del expediente, resolvemos que los errores señalados no se cometieron.

### III

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General