Hernández Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, Josué Cruz Hernández (en adelante el apelante), y nos solicita la revisión de la Sentencia Enmendada emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo, el día 30 de abril de 2001, notificada y archivada en autos el 23 de mayo de 2001. Mediante la misma, el tribunal de instancia declaró ha lugar la demanda de acción de retracto presentada por las sucesiones Porrata Doria y Martínez Márquez (en adelante los apelados), y en consecuencia ordenó el retracto de la finca en controversia a favor de la parte apelada, más el pago de las costas y quinientos ($500.00) dólares en concepto de honorarios de abogado.
Luego de estudiado los hechos y el derecho aplicable, modificamos la sentencia apelada y así modificada se confirma.
I
Los hechos relevantes a la presente controversia, conforme a las estipulaciones hechas por las partes y las determinaciones de hechos del Tribunal de Instancia, son los siguientes. El “Bank of Nova Scotia” (en adelante el Banco) inició en el año 1971, un procedimiento de ejecución de hipoteca ante el Tribunal Superior de San *1086 Juan, sobre una finca sita en el Municipio de Ceiba, para cobrar de la cuota alícuota correspondiente a Carmen Lydia Márquez Yda. de Martínez, Augusto O. Márquez y Luz Porrata Doria, el monto de una deuda que el Sr. Márquez mantenía con dicha institución. El Banco se adjudicó la buena pro de la subasta celebrada, convirtiéndose en copropietario conjuntamente con los demás herederos. Dicha transacción se presentó en el Registro de la Propiedad para inscripción el 20 de agosto de 1982. Desde esa fecha hasta el 12 de noviembre de 1996, el Banco y los apelados, continuaron poseyendo la finca en común pro indiviso.
El Banco, sin el conocimiento de todos los miembros de las sucesiones comuneras, le vendió al apelante todos sus derechos e intereses propietarios sobre su participación en la finca en controversia mediante la escritura pública número tres (3) de 12 de noviembre de 1996, luego de iniciado un pleito de división de comunidad del cual no tuvieron conocimiento los apelados.
El día 20 de febrero de 1997, el apelante presentó la escritura ante el Registro de la Propiedad para su inscripción. De la minuta de presentación, surgió que se solicitó la inscripción de la finca número 342 en el Registro de la Propiedad de Fajardo, sin ofrecerse ningún otro dato registral que identificara la finca objeto de la presentación. La finca en controversia está inscrita en el Registro de la Propiedad de Fajardo, con el número 341 al folio 205 del tomo 96 de Ceiba.
Según surgió de la prueba desfilada ante el tribunal de instancia, la co-apelada Carmen Lydia Márquez estaba llevando a cabo gestiones para adquirir la participación del Banco cuando éste la enajenó a un tercero.
Alegaron los apelados ante el tribunal de instancia que el 10 de marzo de 1997, la co-apelada Gladys Martínez Márquez caminaba por la propiedad en cuestión cuando observó que había dentro de la finca una carpa en donde se estaba llevando a cabo una actividad a su parecer religiosa. Se acercó al área y preguntó a los que se encontraban allí; éstos le informaron que habían sido autorizados por el dueño de la finca para realizar esa actividad en el lugar.
El 11 de marzo de 1997, los apelados fueron al Registro de la Propiedad, Sección de Fajardo, y obtuvieron una certificación registral de la cual surgía la presentación de la escritura. Alegaron los apelados ante el tribunal de instancia que en ese momento advinieron en conocimiento de la compraventa efectuada entre el Banco y el apelante. Por ello, el 19 de marzo de 1997, ocho días desde que obtuvieron la certificación registral, la parte apelada presentó demanda de retracto contra el aquí apelante y consignó el precio de venta contenido en la referida escritura.
El apelante presentó el 6 de mayo de 1997, una Moción de Desestimación la cual acompañó con documentos en apoyo a sus argumentos. El 23 de junio de 1997, los apelados presentaron una “Moción Contestando Moción de Desestimación o de Sentencia Sumaria”.
Finalmente, el 20 de febrero de 1998, el tribunal de instancia emitió sentencia sumaria resolviendo que la acción de retracto había sido presentada tardíamente. Fundamentó su posición en que la parte apelada había tenido conocimiento de la transacción previo a la inscripción registral. Inconformes con tal determinación, los apelados presentaron recurso de apelación ante este Tribunal. El 16 de julio de 1998, este Tribunal revocó el dictamen sumario emitido por el Tribunal de Instancia y ordenó que se continuara con el trámite del caso por la vía ordinaria.
Devuelto el caso al tribunal de instancia, se celebró la vista en su fondo el 7 de marzo de 2001. Escuchados los argumentos de las partes y aquilatada la prueba el 30 de abril de 2001, el tribunal de instancia declaró con lugar el retracto, más condenó al apelante al pago de costas y honorarios de abogado.
No conforme con tal determinación, el apelante acude ante nos mediante escrito de apelación el día 20 de junio de 2001 y nos señala la comisión de los siguientes errores por parte del Tribunal de Primera Instancia:

*1087
“Erró el Hon. Tribunal de Primera Instancia en la evaluación de la prueba y declarar ha lugar la demanda ordenando el retracto de la finca objeto de la controversia.

Erró el Hon. Tribunal de Primera Instancia al concluir que la parte demandada apelante fue temeraria en el caso ante su consideración. ”

II
A. El Derecho de Retracto
En el campo del derecho, se denomina como la figura de retracto, al derecho real de adquisición preferente, en virtud del cual una persona posee la prerrogativa de subrogarse en el lugar del comprador o adquirente de determinado bien, siempre y cuando se cumpla con los requisitos que para ello prescribe el ordenamiento jurídico. E. Vázquez Bote, Tratado Teórico, Práctico y Crítico de Derecho Privado Puertorriqueño: Derechos Reales II, New Hampshire, Butterworth, 1993, Vol. VIII, T. II, págs. 534-535.
El derecho de retracto persigue la extinción de la comunidad, o al menos la reducción del número de condominos, disminuyendo la pluralidad de derechos sobre un mismo inmueble. Ortiz Roberts v. Ortiz Roberts, 103 D.P.R. 628 (1975).
El Artículo 1411, 31 L.P.R.A. § 3921, lo define como sigue:

“El retracto legal es el derecho de subrogarse con las mismas condiciones estipuladas en el contrato en lugar del que adquiere una cosa por compra o dación en pago. ”

De otro lado, el Artículo 1412 del Código Civil, 31 L.P.R.A. § 3922, es la fuente legal que provee sobre el derecho de retracto legal de comuneros. El mismo prescribe, en parte, lo siguiente:

“El copropietario de una cosa común podrá usar del retracto en el caso de enajenarse a un extraño la parte de todos los demás condueños o alguno de ellos. ”

En cuanto al término para ejercitar el derecho de retracto, dispone el Artículo 1414 del Código Civil, 31 L. P.R.A. see. 3924, que:

“No podrá ejercitarse el derecho de retracto legal, sino dentro de nueve (9) días contados desde la inscripción en el registro, y en su defecto, desde que el retrayente hubiera tenido conocimiento de la venta. ”

La norma jurisprudencial vigente en Puerto Rico es que el término de nueve (9) días para ejercitar la acción de retracto, contenido en el Artículo 1414, comienza desde la inscripción del documento en el registro y no desde la fecha de su presentación. González Silva v. United Fed. Savings, 107 D.P.R 119 (1978); Quiñones v. Quiñones Irizarry, 91 D.P.R. 225 (1964); Zalduondo v. Iturregui, 83 D.P.R. (1961); Fuertes v. Arzón, 81 D.P.R. 491 (1959).
Para que pueda tener éxito una demanda de retracto de comuneros deben coexistir los siguientes requisitos: (a) que exista una comunidad de bienes; (b) que la acción se inste por un copropietario; (c) que se trate de una enajenación de parte de la cosa común a favor de un extraño a la comunidad; (d) se presente la causa de acción correspondiente dentro del término de nueve (9) días, contados a partir de la fecha en que se practique la inscripción en el Registro de la Propiedad (no desde la fecha del asiento de presentación), o desde que el retrayente hubiere tenido conocimiento del otorgamiento de la venta; (e) que el demandante consigne con su demanda en el Tribunal de Primera Instancia, el precio real de la enajenación, los gastos del contrato, cualquier otro pago legítimo hecho para la enajenación y los gastos necesarios y útiles hechos en la cosa enajenada; y (f) que el retrayente se comprometa a no vender la participación dominical que retraiga durante cuatro (4) años. *1088 Fuertes v. Arzón, supra.
El Tribunal Supremo de Puerto Rico ha resuelto que la acción de retracto es un derecho opcional del resto de los comuneros, cuyo ejercicio lo ponen en vigor o ejercitan éstos cuando lo deseen y contra los extraños que éstos deseen. Es decir, que el hecho de que un sujeto con derecho a ello no ejercite su derecho al retracto contra determinado sujeto extraño al fundo, ello no impide el ejercitar esa acción contra otros futuros elementos o sujetos extraños al fundo. Véase: Fuertes v. Arzón, supra; Hernández v. Costa; 16 D.P.R. 445 (1910).
En el caso de autos, el tribunal de instancia determinó que a base de la prueba presentada no le quedaba duda que los apelados tuvieron conocimiento real y efectivo de la venta del inmueble en controversia el día 11 de marzo de 1997. Esto cuando obtuvieron del Registro de la Propiedad, Sala de Fajardo, una certificación registral que acreditaba la presentación en el registro de la escritura numero tres (3) otorgada ante notario público el día 12 de noviembre de 1996 para su inscripción. Habiendo sido presentada la demanda el día 19 de marzo de 1997, se cumplió con el término de nueve (9) días que dispone el artículo 1414 del Código Civil, anteriormente citado. Leída la transcripción de la prueba oral, no encontramos indicio de que el tribunal de instancia actuara con pasión, prejuicio o parcialidad al aquilatar la prueba que tuvo ante sí; por lo tanto, quedó demostrado que los apelados ejercieron el retracto conforme a derecho.
Sabido es que en cuanto a la apreciación de la prueba desfilada ante el tribunal de instancia, el alcance de la revisión judicial sobre cuestiones de hecho está regulado por lo dispuesto en la Regla 43.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, la cual, en lo pertinente, dispone que:

“...las determinaciones de hechos basadas en testimonio oral, no se dejarán sin efecto, a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos... ”.

Por ello, nuestro Tribunal Supremo ha establecido que no debemos intervenir con las determinaciones de hechos que hace un tribunal de instancia y sustituir nuestro criterio por el del juzgador ante quien declararon los testigos y quien tuvo la oportunidad de verlos declarar y apreciar su demeanor, Ramos Acosta v. Caparra Dairy Inc, 113 D.P.R. 357, 365 (1982), a menos que se demuestre que dicho foro actúo con pasión, prejuicio o parcialidad. Vélez v. Secretario de Justicia, 115 D.P.R. 533, 545 (1984). Véase además; Ponce v. Autoridad de Carreteras y Transportación, Op. de 29 de diciembre de 2000, 2001 J.T.S. 3; Trinidad García v. Chade, Op. de 18 de enero de 2001, 2001 J.T.S. 10; y Colón González v. K Mart, supra. Así, la apreciación de la prueba efectuada por el Tribunal de Primera Instancia merece gran deferencia, 'en consideración a que sólo tenemos récords mudos e inexpresivos'-, por lo que en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio o parcialidad o error manifiesto, los tribunales de apelaciones nos abstendremos de intervenir. Véase, Pérez Cruz v. Hospital La Concepción, 115 D.P.R. 721, 728 (1984).
Por lo tanto, al ser el dictamen emitido por el tribunal de instancia correcto en derecho, concluimos que no se cometió el primer error señalado por el apelante.
B. La temeridad
El objetivo de la norma jurídica que permite la imposición de honorarios de abogados por temeridad es “castigar a aquel litigante perdidoso que, por su terquedad, obstinación, frivolidad o insistencia -en actitud desprovista de fundamentos-, obliga a la parte contraria a asumir necesariamente las molestias, gastos e inconvenientes de un pleito. ” Departamento de Recreación y Deportes, v. Asociación Recreativa Round Hill, Inc., supra, en la pág. 29; Velázquez Ortiz v. Universidad de Puerto Rico, supra (1991); Santos Bermúdez v. Texaco P.R., 123 D.P.R. 351 (1989); Fernández v. San Juan Cement Co., Inc., 118 D.P.R. 713 (1987).
La temeridad ha sido definida por la jurisprudencia interpretativa como “la acción que amerita la condena *1089 de honorarios es cualquiera que haga necesario un pleito que se pudo evitar, que lo prolongue innecesariamente, o que produzca la necesidad de que otra parte incurra en gestiones evitables.” Elba v. U.P.R., 125 D.P.R. 294, 329 (1990). Se ha dicho que un litigante es frívolo cuando sus argumentos o curso de acción en un pleito no tienen razón de ser, méritos, peso o lógica alguna. Departamento de Recreación y Deportes v. Asociación Recreativa Round Hill, Inc., Op. de 19 de agosto de 1999, 99 J.T.S. 138. Por el contrario, cuando no existe una actitud temeraria, los tribunales no pueden condenar al pago de honorarios por el mero hecho de que una parte no ha resultado victoriosa. Feliciano v. Feliciano, Op. de 17 de marzo de 1999, 99 J.T.S. 23.
Nuestro Tribunal Supremo en el caso de Fernández Mariño v. San Juan Cement Co, Inc., 118 D.P.R. 713, 719 (1987), enumeró algunas de las circunstancias que constituyen conducta temeraria: 1) contestar una demanda y negar responsabilidad total, aunque se acepte posteriormente; 2) defenderse injustificadamente de la acción; 3) creer que la cantidad reclamada es exagerada y siendo esa la única razón que se tiene para oponerse a las peticiones del demandante sin admitir francamente su responsabilidad, pudiendo limitar la controversia a la fijación de la cuantía a ser concedida; 4) arriesgarse a litigar un caso del que se desprendía prima facie su negligencia; y 5) negar un hecho que le conste es cierto a quien hace la alegación. (Citas omitidas).
Por otro lado, nuestro más alto foro judicial ha expresado que cuando hay discrepancia en cuanto a cuál es el derecho aplicable a la controversia del caso, no procede la imposición de honorarios de abogados. Rivera Renta v. A & C Development Corp., 144 D.P.R. 450 (1997).
En el caso de autos, no encontramos que el apelante actuara de manera contumaz, obstinada o terca. De hecho, este Tribunal, al dejar sin efecto la sentencia sumaria emitida por el tribunal de instancia, determinó que había una controversia genuina en cuanto a la fecha en que los apelados tuvieron conocimiento de la venta de la finca a un tercero por parte del Banco. Por lo tanto, habiendo una controversia real, el apelante se limitó a defender lo que entendía eran sus derechos sobre la propiedad en cuestión.
III
Por los fundamentos anteriormente esbozados, MODIFICAMOS la sentencia apelada a los efectos de dejar sin efecto la parte de la sentencia que le impuso al apelante el pago de quinientos dólares ($500.00) en honorarios de abogado y así modificada se CONFIRMA.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General